408 So.2d 1089 (1982)
Howard F. SCOTT, Appellant,
v.
Linda M. SCOTT, Appellee.
No. 81-94.
District Court of Appeal of Florida, Third District.
January 26, 1982.
*1090 Horton, Perse & Ginsberg and Mallory H. Horton, Tew, Spittler & Berger, Miami, for appellant.
Gars, Dixon & Shapiro and Sandy Karlan, Miami, for appellee.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Linda Scott is in her early thirties, possessed of good health, a bachelor's degree in psychology, and a master's degree in business administration, the latter obtained during the course of this ten-year marriage. During the marriage, she was consistently employed in responsible positions and quite clearly has the present prospect of earning no less than $18,000 a year should she choose to work full time. Howard Scott is an attorney, whose after-tax income in each of the several years preceding the divorce was somewhere between $25,000 and $30,000 annually. The Scotts have a three-and-one-half-year-old daughter who attends a private school during the day and, by the parties' agreement, spends about three days a week with the father. The only significant asset owned by the parties is the marital residence, which has an equity of about $75,000.
The final judgment of dissolution, inter alia, requires the husband to pay (a) $150 a week in child support, medical and hospitalization insurance for the child, and one-half of medical expenses not covered by insurance, plus one-half of the child's day care and present private school expenses; (b) rehabilitative alimony of $50 a week for two years; (c) mortgage payments of approximately $600 per month[1] on the marital residence, with the wife to have exclusive possession of the house until she remarries, chooses to move out, or the child reaches her majority; (d) the outstanding debts of the parties in the amount of approximately $36,000; and (e) the wife's attorneys' fees and costs to be later determined.
Viewing the foregoing provisions as a whole, Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), we conclude that they are well beyond the demonstrated needs of the wife and child and the financial ability of the husband. Parham v. Parham, 385 So.2d 107 (Fla.3d DCA 1980). We reverse and remand this cause to the trial court to make a complete redetermination of the interrelated financial provisions of the judgment, with the further direction that the award of exclusive possession of the marital residence to the wife be reconsidered in light of *1091 all the circumstances, see Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), including the need to liquidate this asset to satisfy outstanding debts, the ongoing cost of the marital residence measured against other shelter, and the potential length of time, here nearly fifteen years, before a sale can occur.
In the event that upon remand the case does not come before the trial judge who entered the judgment below, a new trial should be had on the financial aspects of the judgment. That part of the judgment dissolving the marriage and awarding custody is affirmed.
Affirmed in part; reversed in part and remanded.
NOTES
[1] The judgment expressly states that the mortgage payments are not to be considered as additional alimony to the wife. If that is the case, then these payments must be considered child support. Thus, the husband is effectively ordered to pay child support of more than $300 a week for a three-and-one-half-year-old child.