PER CURIAM.
The appellant complains of one feature of a final judgment dissolving a marriage, to wit: that the appellee is not required to pay one-half of the cost of maintaining the home of the parties, possession of which was awarded to the wife, title to which is as tenants in common. Tolin v. Tolin, 401 So.2d 1167 (Fla. 4th DCA 1981); Leonard v. Leonard, 389 So.2d 256 (Fla. 3d DCA 1980); Section 689.15 Florida Statutes (1981). The wife also has the custody of the parties’ two minor children. The parties have a substantial equity in the house. It is apparent that the parties enjoyed a scale of living in excess of that permitted by the earnings of the husband due to funds received from outside sources, in all probability, their respective families. The wife refuses to join in sale of the home, which the parties cannot afford on the ap-pellee’s earnings.
We find error in the support award[1] and return the matter to the trial court with directions to order the appellee to make additional payments of support and if necessary, in order to give him assets from which to make said payments, direct the sale of the home. Reik v. Reik, 412 So.2d 40 (Fla. 3d DCA 1982); Scott v. Scott, 408 So.2d 1089 (Fla. 3d DCA 1982).
Reversed and remanded with directions.[2]

. Under the final judgment the appellee is required to pay $200.00 per month as child support and rehabilitative alimony of $600.00 per month out of a net take home pay of $2,586.41 per month.

. The trial court shall award the appellant attorney’s fees for services in this court upon a final resolution of this matter in that forum.