PER CURIAM.
Ignacio de Armas, Jr., the former husband in a marriage dissolution action, appeals the final judgment of marriage dissolution entered herein. Maria del Carmen de Armas, the former wife, has filed no brief contesting this appeal. We affirm in part and reverse in part.
First, it is plain that the child support award of $100 per week for each of the two minor children born of the marriage constitutes an abuse of discretion because it exceeds the financial ability of the former husband to respond to such an award. Viewing the record in a light most favorable to the former wife, the evidence below establishes that this award represents 80% of the former husband’s net income, leaving him with approximately $50 a week to live on. The former wife, on the other hand, is employed and has a net income of nearly $180 a week which is roughly comparable to the former husband’s net income of nearly $250 a week; neither party has any savings or liquid assets. No reasonable person, we think, could have imposed such an onerous child support award on the former husband under these circumstances; it is arbitrary, grossly unfair to the former husband, and must be reversed. Parham v. Parham, *186 385 So.2d 107 (Fla. 3d DCA 1980); Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980); Nicholson v. Nicholson, 372 So.2d 178 (Fla. 2d DCA 1979).
Second, the trial court erred in awarding the former wife a one-quarter interest in a certain duplex, valued at $18,-000-, which is owned entirely by the former husband’s father. It is plain that the trial court had no authority to make this award as the subject duplex is held by a non-party to this action, the former husband has no property interest in the duplex, and no basis was pled or proven to set aside any prior conveyances so as to vest the former husband with an interest in the duplex. The award in question must therefore be reversed in its entirety. Good v. Good, 458 So.2d 839 (Fla. 2d DCA 1984); Burgess v. Burgess, 411 So.2d 954 (Fla. 1st DCA 1982); Feldman v. Feldman, 390 So.2d 1231 (Fla. 3d DCA 1980).
Finally, we conclude that the decision to award costs in this action to the former wife must be affirmed. There was a reasonable basis in the record for making such a decision providing it is later set in an amount within the former husband’s ability to pay. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The final judgment under review is (1) reversed as to the child support award and the cause is remanded to the trial court with directions to set a new child support award in an amount which is commensurate with the former husband’s ability to pay; (2) reversed as to the award of the one-quarter interest in the duplex valued at $18,000; and (3) affirmed in all other respects, including the decision to award costs to the former wife.
Affirmed in part; reversed in part and remanded.