592 So.2d 353 (1992)
James E. BLYTHE, Appellant,
v.
Joy BLYTHE, Appellee.
Nos. 90-1343, 91-0204.
District Court of Appeal of Florida, Fourth District.
January 15, 1992.
*354 James H. Hicks of Hicks and Brams, P.A., and Jane Kreusler-Walsh of Klein & Walsh, P.A., West Palm Beach, for appellant.
Ronald E. Jones of Ronald E. Jones, P.A., West Palm Beach, for appellee.
POLEN, Judge
James E. Blythe brings this appeal from a final judgment of dissolution and a post-judgment order requiring the payment of permanent alimony. We find merit in the former husband's arguments and reverse the final judgment in part, remanding to the trial court for reconsideration of the distribution of assets, including the husband's pension fund, and for reexamination of the order of permanent periodic alimony.
The parties were married approximately twenty-five (25) years, the last ten (10) of which they were separated. In 1973, the couple formed a concrete business, Blythe Enterprises, Inc., in which they each owned one-third of the stock. No children were born of this marriage, the second for both the former husband and the former wife.
The former wife was fifty-five (55) years old at the time of the trial. She had completed nine years of schooling, and had worked for Blythe Enterprises intermittently since the corporations's inception, in the capacity of office manager. She held a realtor's license and testified that she was not qualified for many jobs, although she had never had a problem finding employment.
The former husband also worked for Blythe Enterprises, and was in charge of securing contracts and bidding on projects. He remained in the marital home when the couple separated, and stipulated during the dissolution hearing that he would secure a loan to pay the wife one-half of the value of the marital home if the court awarded the home to him. The former husband was receiving a pension of $103.00 per month from the Indiana State Troopers.
After the couple separated, the wife continued to work for Blythe Enterprises, earning $400.00 per week. She left the company for approximately four (4) years between 1982 and 1986, but she continued to receive her salary. In 1987 the husband and wife increased their salaries and she began earning $800.00 per week, while he earned $1000.00 per week.
In its final judgment of dissolution, the trial court awarded the marital home to the husband. After this award, the total assets awarded to the husband were valued at $307,000.00, while those awarded to the wife were valued at $142,000.00. In an attempt to equalize the distribution of assets *355 in light of this award, the trial court awarded the wife lump sum alimony of $150,000.00. However, the trial court did not deduct this $150,000.00 from the husband's total assets. Thus, the distribution resulted in the husband receiving twenty-eight percent (28%) of the net marital assets, while the wife received seventy-two percent (72%) of the net marital assets. The trial court did not justify this unequal treatment of the parties, nor is such a justification apparent from the record. It appears that this error may have been inadvertent.[1] We reverse for correction of the asset distribution, which should have been equal in the absence of a justification for disparate treatment. Carr v. Carr, 569 So.2d 903 (Fla. 4th DCA 1990); Bobb v. Bobb, 552 So.2d 334 (Fla. 4th DCA 1989); Longo v. Longo, 533 So.2d 791 (Fla. 4th DCA 1988), rev. dismissed, 542 So.2d 989 (1989).
We find no abuse of discretion in the trial court's decision as to the date used to determine marital property, and in its classification of items as marital or nonmarital, with the exception of the husband's Indiana State Trooper's pension fund. It was error for the court not to have allocated to the husband that portion of the pension fund that accrued to him before the couple's marriage. Gerbas v. Gerbas, 564 So.2d 648 (Fla. 4th DCA 1990). On remand, the court should determine that portion, and adjust the distribution of this asset accordingly.
The final judgment also provided that the husband would be responsible for furnishing health insurance for the wife, of a type and amount equal to the insurance the parties enjoyed through their corporation. The husband argues that this award was in error because the trial court did not set a monetary limit on the cost of this health insurance. We disagree, and find no error in this award, the cost of which was apparently easily discernible by the parties, as they are presumably aware of the cost of the group health insurance policy held by their corporation at the time of the final judgment. Further, the trial court was not required to limit the husband's liability for this expense by a specific dollar amount. See Brandenburg v. Brandenburg, 550 So.2d 565 (Fla. 4th DCA 1989).
Lastly, we address paragraph four (4) of the final judgment, which provided in pertinent part:
As long as the Wife remains employed by Blythe Enterprises, Inc. at her present rate of pay, she is entitled to no permanent alimony, as there is no need. However, should the Wife lose her employment at Blythe Enterprises, Inc. (which seems likely after this litigation is concluded), this Court finds she would be entitled to receive $500.00 per week permanent periodic alimony from the Husband, representing the difference between her earning ability on the open market and her salary at Blythe Enterprises, Inc.
Following the final judgment, and upon the wife's motion, the trial court entered an order requiring the payment of alimony pursuant to this provision, as the wife stopped receiving a salary from the corporation. This order required the husband to pay the wife $500.00 per week.
The husband contends that the award of $500.00 per week constitutes over seventy-one percent (71%) of his net income, and that he must make payments for the wife's health insurance and meet other obligations from the remaining twenty-nine percent (29%) of his income. On remand, the trial court should revisit this award of alimony. There are several reasons why we feel it would be appropriate for the trial court to do so. First, our remand of the equitable distribution makes such a reconsideration important. Second, we do not know from the record whether the trial judge envisioned that the husband could adjust the salary he received from the parties' closely held corporation. Third, we are unable to determine from the trial court's order, although it is discussed in *356 the record, whether the trial court considered the tax consequences as they affect the wife's need and the husband's ability to pay.
It is within the trial court's discretion whether to take additional testimony regarding the alimony issue, or revisit this issue on the instant record. Further, in directing the trial court to revisit this issue upon remand, we are not suggesting that the trial court is obliged to either increase or decrease the amount of permanent periodic alimony.
REVERSED AND REMANDED.
DELL and WARNER, JJ., concur.
NOTES
[1] Had the trial court intended to divide the assets 50/50, a lump sum alimony award of $71,072 to the wife would have accomplished an equal distribution of net assets assuming the accuracy of the assets and liabilities set forth on page 3 of the Final Judgment.