614 So.2d 532 (1993)
Curtin R. COLEMAN, II, Appellant,
v.
Marie Preston Land COLEMAN, Appellee.
No. 92-1582.
District Court of Appeal of Florida, Fourth District.
January 13, 1993.
Rehearing, Rehearing and Certification Denied March 17, 1993.
Curtin R. Coleman, II, Charlottesville, VA, pro se appellant.
Donald K. Corbin, Fort Lauderdale, for appellee.
Rehearing, Rehearing En Banc and Certification Denied March 17, 1993.
*533 FARMER, Judge.
The parties were divorced in 1964, and he was ordered to pay her permanent periodic alimony, which he did until 1989. In that year he filed a motion to modify, alleging changed circumstances. In September 1991, the trial court denied any modification. She then moved for a money judgment on the arrearages that had accumulated since the filing of the application for modification, and the trial court held another hearing and entered the money judgment. More motions followed the money judgment, ultimately culminating in orders denying rehearing, alteration or amendment of the orders, and any stay pending review. She finally filed a motion for an income deduction order, which the trial court entered immediately without a hearing or response from him.
On appeal, he attacks the income deduction order on the grounds that she no longer has any minor children living with her.[1] He misreads the statute. Income deduction orders are not limited by the statute to households with minor children. The applicable provision of section 61.1301(1)(a), Florida Statutes (1991), reads:
Upon the entry of an order establishing, enforcing, or modifying an alimony or a child support obligation, the court shall enter a separate order for income deduction if one has not been entered.
The unmistakable meaning of this text is that the enforcement of any alimony obligation requires an income deduction order. Here the court obviously enforced the unpaid alimony by a money judgment. That judicial action was enough to require the separate income deduction order.[2]
AFFIRMED.
ANSTEAD, J., concurs.
DELL, J., concurs in result only.
NOTES
[1] He has also appealed the order denying modification and other orders related to it. We express no views on these other appeals, as we have received no record or briefs in them as of the filing of this opinion.
[2] We simply disagree with Schorb v. Schorb, 547 So.2d 985 (Fla. 2d DCA 1989), to the extent that it holds otherwise. The text of the legislation is broad enough to include impecunious former spouses even if they have no minor children living with them. The fact that the primary motive was to protect young children does not at all mean there was no desire to give the same protection to needing spouses living alone. In any event, the legislative history of a statute is irrelevant where the wording of a statute is, as here, clear and unambiguous. Aetna Casualty & Surety Co. v. Huntington National Bank, 609 So.2d 1315 (Fla. 1992). An inquiry into legislative intent may be conducted only where the statute is ambiguous on its face. Streeter v. Sullivan, 509 So.2d 268, 271 (Fla. 1987).