629 So.2d 103 (1993)
Curtin R. COLEMAN, II, Petitioner,
v.
Marie Preston Land COLEMAN, Respondent.
No. 81610.
Supreme Court of Florida.
October 21, 1993.
Rehearing Denied January 5, 1994.
*104 Curtin R. Coleman, pro se.
Donald K. Corbin, Fort Lauderdale, for respondent.
McDONALD, Justice.
We have for review Coleman v. Coleman, 614 So.2d 532 (Fla. 4th DCA 1993), which directly conflicts with Schorb v. Schorb, 547 So.2d 985 (Fla.2d DCA 1989). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. We approve the district court's decision and disapprove Schorb.
Based on a final divorce decree in 1964 between Curtin Coleman, the former husband, and Marie Preston Land Coleman, the former wife, the husband was obligated to pay periodic alimony in the amount of $400.00 per month. The husband paid the required alimony until 1989, at which time he filed a petition for modification alleging changed circumstances. In September 1991, the trial court denied modification and subsequently, the wife moved for a money judgment on the arrearages that had accumulated since the filing of the modification. The court entered the money judgment and an income deduction order. On appeal the husband opposed the deduction order based on the fact that the wife no longer has minor children living with her. The district court held that an alimony obligation is properly enforced though an income deduction order, regardless of whether minor children are living with the former spouse.
Section 61.1301(1)(a), Florida Statutes (1987), reads in pertinent part:
Upon the entry of an order establishing, enforcing, or modifying an alimony or a child support obligation, the court shall enter a separate order for income deduction if one has not been entered.
The husband asserts that the trial court erred in utilizing an income deduction order to enforce an alimony obligation because such orders are appropriate only to enforce child support payments. In support of his argument, the husband cites Schorb, in which the Second District Court of Appeal held that trial courts should use section 61.1301, Florida Statutes (1987) only to enforce orders that provide support to a child or to a former spouse living with a child. Schorb, 547 So.2d 985 (Fla.2d DCA 1989). In Schorb the court admits that "[u]pon initial examination, the statute authorizing income deductions would appear to apply to alimony." Id. at 987. However, as noted by the district court in the instant case, Schorb unnecessarily delves into the legislative history of the statute even though the plain language of the statute is clear and unambiguous. Taylor Woodrow Constr. Corp. v. Burke Co., 606 So.2d 1154 (Fla. 1992) (where statutory provision is clear and not unreasonable or illogical in its operation, court may not go outside statute to give it different meaning); Aetna Casualty & Sur. Co. v. Huntington Nat'l Bank, 609 So.2d 1315 (Fla. 1992).
By applying rules of statutory construction, Schorb ventured outside the literal language of the statute and arrived at a statutory interpretation inconsistent with Florida's policy of providing for former spouses in financial need.[*] As the district court properly noted, the text of section 61.1301(1)(a) "is broad enough to include impecunious former spouses even if they have no minor children living with them." 614 So.2d at 533, n. 2. The husband argues that the amendment of section 88.031(20), Florida Statutes (Supp. 1992), defining "support" to include "support for a child, or child and spouse, or former spouse who is living with the child or children," further reflects the legislature's intent to limit the application of section 61.1301(1)(a) to children or former spouses with children. However, the amendment of the definition of "support" in chapter 88, Florida *105 Statutes, which specifically addresses child support, does not alter the clear meaning of section 61.1301(1)(a), which addresses both child support and alimony upon the dissolution of marriage.
Accordingly, we approve the district court's decision in Coleman and disapprove Schorb.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[*] The court's approach and analysis in Schorb v. Schorb, 547 So.2d 985 (Fla.2d DCA 1989), would be correct if the language of the statute was susceptible of more than one interpretation.