BLUE, Judge.
Frank S. Nicoll, Jr., petitions for a writ of prohibition seeking to prohibit the circuit court from exercising subject matter jurisdiction. Nicoll contends that a new definition in chapter 88, Florida Statutes (1993), the Revised Uniform Reciprocal Enforcement of Support Act (URESA), has limited jurisdiction under URESA to child support and thus provides no jurisdiction for enforcement of only alimony. We agree and grant the petition but certify to the Florida Supreme Court a question of great public importance.
The Nicolls were divorced in Maryland in 1965. In 1994, Nicoll’s former wife attempted to register a decree under URESA and collect $1.9 million in allegedly unpaid alimony. Based on the definitions in section 88.031, Florida Statutes (1981),[1] URESA has been used to enforce foreign alimony orders even when there was no accompanying child support order. State ex rel. Quigley v. Quigley, 463 So.2d 224 (Fla.1985).
In Quigley, the supreme court ruled that alimony was covered under URESA,notwith-standing a 1979 amendment adding section 88.012. The new section, titled “Legislative intent,” discussed only child support and did not mention alimony. But in looking at the statutory definition of “support order” and the cases previously holding that alimony is enforceable under URESA, the supreme court held that the legislature is presumed to be cognizant of a statute’s judicial construction.
If the legislature had meant to distinguish between child support and alimony, it should have redefined this term [support order] ...
We cannot find that the statement of legislative intent impliedly meant to repeal alimony support actions previously available under URESA. It is well established that amendment by implication is not favored and will not be upheld in doubtful cases.
463 So.2d at 226 (citations omitted). The issue presented by this writ is whether the legislature has done exactly that by enacting section 88.03K20).[2] See Ch. 92-138, § 13, at 1178, Laws of Fla.
When a statute’s language is clear and unambiguous, it must be given its plain and obvious meaning. Holly v. Auld, 450 So.2d 217 (Fla.1984). The legislature has now defined support and, by the definition’s plain language, it does not include alimony standing alone. Although Quigley expressed cogent policy reasons for including alimony under URESA, we cannot “modify or shade clearly expressed legislative intent in order to uphold a policy favored by the court.” 450 So.2d at 219. The definition on its face now *419 plainly excludes orders of alimony unless the “support obligation has been established for that spouse and the child support obligation is being enforced under Title IV-D of the Social Security Act.” § 88.031(20).[3]
Accordingly, we conclude that the plain language of the statute as amended does not allow jurisdiction under URESA for alimony in this case. Because Nicoll’s former wife has not alleged any accompanying child support obligations, we must grant the petition for writ of prohibition and direct the trial court to dismiss the complaint. We certify to the Florida Supreme Court the following question as one of great public importance:
WHETHER THE LEGISLATURE, BY ENACTING SECTION 88.031(20), FLORIDA STATUTES (1993), HAS ABROGATED THE SUPREME COURT’S HOLDING IN STATE EX REL. QUIG-LEY V. QUIGLEY, 463 S0.2D 224 (FLA. 1985), AND REMOVED ALIMONY ORDERS FROM THE JURISDICTION OF URESA UNLESS THEY ARE ACCOMPANIED BY CHILD SUPPORT?
CAMPBELL, A.C.J., and QUINCE, J., concur.

. (3) 'Duty of support’ means a duty of support whether imposed or imposable by law or by order, decree, or judgment of any court, whether interlocutory or final or whether incidental to an action for dissolution of marriage, separation, separate maintenance, or otherwise, and includes the duty to pay arrearages of support past due and unpaid.
[[Image here]]
(19) 'Support order’ means any judgment, decree, or order of support in favor of a petitioner, whether temporary or final or subject to modification, revocation, or remission, regardless of the kind of action or proceeding in which it is entered.
§ 88.031, Fla.Stat. (1981).

. (20) 'Support’ includes:.
(a) Support for a child, or child and spouse, or former spouse who is living with the child or children, but only if a support obligation has been established for that spouse and the child support obligation is being enforced under Title IV-D of the Social Security Act; or
(b) Support for a child who is placed under the custody of someone other than the parent pursuant to s. 39.41.
§ 88.031(20), Fla.Stat. (1993).

. In the only case that has mentioned the new definition in chapter 88, the supreme court rejected an argument that it affected the income deduction provisions of chapter 61. Coleman v. Coleman, 629 So.2d 103 (Fla.1993). The court characterized the new definition, however, as specifically addressing "child support.” 629 So.2d at 104-105.