STRINGER, Judge.
The Department of Revenue (the Department), on behalf of Toni LaPorte (the mother), appeals an order denying, in part, its motion to determine the amount of support arrearage and ordering payments on the arrearage. We reverse because the trial court erred in failing to enter an income deduction order after determining the amount of arrearage.
On September 11, 1995, the Department filed a petition to register and domesticate a 1973 California child support judgment. After the trial court granted the petition, the Department filed a motion to determine the amount of arrearage and to order payments on the arrearage. Richard La-Porte (the father) filed a responsive pleading which asserted that the mother was estopped from enforcing the foreign child support judgment. In 1979, the mother attempted to domesticate and enforce this same California judgment in Florida. For reasons undisclosed by the record now before us, the court in that case requested that the mother disclose her physical ad *575 dress. The mother failed to comply with this request. Consequently, the state attorney’s office sent the father a letter, dated May 19, 1980, advising him that the court had suspended all payments until the mother provided her current street address and that of the child. However, the record does not show that such an order was ever entered. The case was ultimately dismissed by the state attorney’s office in 1983.
Based on the mother’s failure to comply with the court’s request, and on the state attorney’s letter advising him that the court had suspended payments, the father asserted that the mother was estopped from seeking payment on the arrearage. After a hearing on the Department’s motion, the trial court found the father in arrears in the amount of $26,914.20. However, the trial court denied the Department’s request for an order of payment on the arrearage.
The trial court’s order does not state the basis for the court’s refusal to enforce the judgment; however, a review of the record suggests the trial court agreed with the father’s assertion that the mother was es-topped from seeking enforcement of the child support arrearage in Florida. Thus, the trial court determined the amount of arrearage but did not enter an income deduction order for repayment. This was error.
The legislature has directed that courts enter income deduction orders whenever an order establishing or modifying alimony or child support is entered. See § 61.1301, Fla. Stat. (1995). Section 61.1301(l)(a) states, in pertinent part that, “[ujpon the entry of an order establishing, enforcing, or modifying an obligation for alimony, for child support, or for alimony and child support, the court shall enter a separate order for income deduction if one has not been entered.” Thus, once the trial court reduced the arrearage to a judgment, it was obligated to enter either an immediate or a delayed income deduction order. See State, Dep’t of Revenue v. Jenness, 698 So.2d 877, 878 (Fla. 2d DCA 1997)(“The legislative mandate ... is clearly that either an immediate or a delayed income deduction order shall be entered in all cases in which an order of support is entered.”); Coleman v. Coleman, 614 So.2d 532 (Fla. 4th DCA 1993).
If the trial court believed the mother was estopped from seeking enforcement of all or a portion of the child support arrearage, then the trial court should have reduced the amount of arrearage to whatever amount it determined the father was still obligated to pay and entered an income deduction order for that amount. We would mention that a court cannot modify an arrearage amount or an obligation to pay without first finding that there are compelling circumstances such as laches, estoppel, waiver, or other equitable reasons for such relief. See State, Dep’t of Revenue v. Evans, 706 So.2d 933 (Fla. 2d DCA 1998); State, Dep’t of Revenue v. Carbonaro, 712 So.2d 1225, 1227 (Fla. 2d DCA 1998). Since the trial court did not make any factual findings, and the record does not contain the entire transcript of the proceedings, we do not express an opinion on the validity of the father’s equitable defense. We believe the trial court should be allowed to make a determination on the father’s equitable defenses after an evidentiary hearing. The trial court’s order should provide sufficient details of the underlying rationale to facilitate appellate review. See Duncan v. Duncan, 598 So.2d 205, 207 (Fla. 2d DCA 1992).
We reverse the trial court’s order and remand for an evidentiary hearing to determine the amount of the arrearage, and whether there are compelling circumstances that would justify reducing or eliminating the father’s obligation to repay the arrearage. After the trial court enters a judgment, it should enter an income deduction order for the arrearage, if any.
*576 Reversed and remanded for further proceedings.
CAMPBELL, A.C.J., and THREADGILL, J., Concur.