759 So.2d 688 (2000)
Joseph COLLIGAN, Appellant,
v.
Norma COLLIGAN, Appellee.
No. 3D99-1006.
District Court of Appeal of Florida, Third District.
April 12, 2000.
Opinion Granting Rehearing May 17, 2000.
*689 Cynthia L. Greene, Miami, for appellant.
Roberta Fox, and Douglas H. Stein, Miami, for appellee.
Before SCHWARTZ, C.J., and GODERICH and RAMIREZ, JJ.
PER CURIAM.
In the final judgment on appeal, the court valued the assets awarded to the former husband at $592,904 and the assets awarded the wife at $194,030. The former husband was ordered to pay a total additional amount of $398,874 (the full difference between what he was awarded and what the wife was awarded) in order to accomplish equitable distribution. The judge specified that this was not intended as alimony. We conclude that the trial judge simply made a mathematical error by not first dividing the sum in half before awarding it to the wife. This is not an uncommon mistake. See Blythe v. Blythe, 592 So.2d 353 (Fla. 4th DCA 1992). In Blythe, after dividing the assets, the husband received $307,000.00, while the wife was awarded $142,000.00. The court stated,
In an attempt to equalize the distribution of assets in light of this award, the trial court awarded the wife lump sum alimony of $150,000.00. However, the trial court did not deduct this $150,000.00 from the husband's total assets. Thus, the distribution resulted in the husband receiving twenty-eight percent (28%) of the net marital assets, while the wife received seventy-two percent (72%) of the net marital assets. The trial court did not justify this unequal treatment of the parties, nor is such a justification apparent from the record. It appears that this error may have been inadvertent.
Id. at 354-55.
We find that this is what occurred in the instant case and, therefore, reverse and remand for recalculation.
Upon remand, the trial court is free to reevaluate its prior ruling on alimony in light of the new distribution of assets.
Reversed and remanded.

ON MOTION FOR REHEARING
Appellant Joseph Colligan, the former husband, has moved for rehearing correctly pointing out that we failed to address in our opinion filed on April 12, 2000 the second issue he raised on appeal. That issue was that the trial court erred when it entered an income deduction order to secure the payment of a property distribution award. We grant rehearing and agree that such an order was improper, thus reversing on this point as well.
In Nash v. Nash, 688 So.2d 428, 429 (Fla. 3d DCA 1997), reversing the entry of the income deduction order solely for the payment of attorney's fees, we held that section 61.1301, Florida Statutes (1995), was in derogation of the common law and must be strictly construed. The First District addressed the very issue raised by the former husband in Board of Pension Trustees of City General Employees Pension Plan v. Vizcaino, 635 So.2d 1012, 1015 (Fla. 1st DCA 1994), stating that "section 61.1301 is expressly limited in its application to collection of either alimony and child support." The court held that an income deduction order could not be entered for the purpose of effectuating the trial court's plan for equitable distribution of the parties' marital assets, and we agree.
Therefore, in addition to the remand directions given in the April 12, 2000 opinion, we further direct the trial court on remand to vacate the income deduction order entered to secure the equitable distribution award. Should the court reconsider its prior alimony ruling as permitted under the April 12th opinion and decide to make an award of alimony, an income order may be entered to secure such award.
*690 Rehearing granted, reversed and remanded with directions.