797 So.2d 653 (2001)
Arthur SILVERSMITH, Appellant,
v.
Rita SILVERSMITH, Appellee.
No. 3D01-599.
District Court of Appeal of Florida, Third District.
October 24, 2001.
*654 Daniel Kaplan, North Miami Beach, for appellant.
Rita M. Fernandez, in proper person.
Before COPE and GERSTEN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
As the former wife in the instant case concedes, the trial court erred when it characterized its equitable distribution lump sum award as "spousal support" and ordered that the award be garnished from the former husband's wages by way of an income deduction order directing payment through the central depository. It is well settled that an income deduction order may not be entered for purposes of effectuating the trial court's plan for equitable distribution. See § 61.1301, Fla. Stat.(2000); see also Colligan v. Colligan, 759 So.2d 688 (Fla. 3DCA 2000); Nash v. Nash, 688 So.2d 428, 429 (Fla. 3d DCA 1997); Board of Pension Trustees of the City General Employees Pension Plan v. Vizcaino, 635 So.2d 1012, 1015 (Fla. 1st DCA 1994) ("[S]ection 61.1301 is expressly limited in its application to collection of either alimony and child support.") Accordingly, the order under review is reversed. The matter is remanded to the trial court with directions to enter an Amended Income Deduction Order reflecting only that amount permitted to be garnished from the former husband's wages as a result of his child support and alimony obligations. The Equitable Distribution Award to the former wife cannot be included in the Income Deduction Order. Rather, it is payable as set forth in the parties' Final Judgment of Dissolution of Marriage.