STONE, J.
The former husband appeals from an income deduction order entered pursuant to a contempt order for his failure to pay the former wife attorney’s fees and costs. The support obligation in the final judgment, from which the award of attorney’s fees arose, was never in arrears. On the contrary, the record is clear that the contempt order was entered solely for the former husband’s failure to pay fees and costs. Before bringing this appeal, the trial court denied the former husband’s motion to vacate the income deduction order. We reverse.
Income deduction orders under section 61.1801, Florida Statutes, cannot be used solely for the payment of attorney’s fees. Nash v. Nash, 688 So.2d 428, 429 (Fla. 3d DCA 1997). Section 61.1301(1)(a) authorizes income deduction orders for alimony and/or child support and, as the provision is in derogation of the common law, it must be strictly construed. *1080 See id.; see also Coleman v. Coleman, 629 So.2d 103, 104 (Fla.1993).
Although the former wife’s attorney’s fees arose out of the underlying final judgment of dissolution awarding support, section 61.1301(l)(a) cannot be so liberally construed as to give it a meaning which disregards the clear and unambiguous language of the statute. See Coleman, 629 So.2d at 104. Thus, an award of attorney’s fees arising from an action for support cannot, itself, be characterized as either alimony or support, just as a lump sum payment for equitable distribution cannot be construed as support. See Silversmith v. Silversmith, 797 So.2d 653, 654 (Fla. 3d DCA 2001).
We are not concerned, here, with any right that a party may have to an income deduction order for attorney’s fees incurred in securing payment of support or alimony, as specifically authorized in section 61.1301(l)(a), Florida Statutes.
As the income deduction order in this case was entered solely for attorney’s fees, we remand to the trial court with directions to vacate the order.
SHAHOOD and TAYLOR, JJ., concur.