COPE, J.
Frank Lambertini appeals an income deduction order. We reverse for an eviden-tiary hearing.
The underlying petition for dissolution of marriage was filed in 1992. Lambertini v. Lambertini, 655 So.2d 142, 143 (Fla. 3d DCA 1995). The husband was ordered to pay $300 per month in permanent alimony. No income deduction order was entered at that time. The husband made three payments and nothing further.
In April 2001, the trial court took evidence on various enforcement motions filed by the former wife, Olga Lambertini. The court found that there was a substantial alimony arrearage, as well as certain property-related expenses which the former husband owed to the former wife. The court transferred certain property interests of the former husband to the former wife, but substantial alimony arrear-ages remained.
At the time of the April 2001 hearing, the former husband was drawing social security and working part-time as a handyman. On the issue of the former husband’s obligation to make further alimony payments, the court found:
With regard to the Petitioner’s claim for permanent, periodic alimony, the Court has considered same both from the standpoint of the Former Wife’s needs as well as from the Former Husband’s ability to pay. Comparing the parties present relative financial positions the Former Wife, by virtue of her social security income, rental income, and property awards made herein is in a superior financial position than the Former Husband. While he still has some degree of earning capacity as a handyman, he no longer has the ability to earn at the same level as he was at the time of the temporary award in 1992. His change of financial circumstances and limited earning capacity have deprived him of any significant income stream from which to pay any alimony award. Accordingly the Former Wife’s claim for permanent alimony is DENIED.
(Emphasis added).
In September 2001 the former wife moved for entry of an income deduction order for payment of the alimony arrear-age. She requested an order that 65 percent of the former husband’s social security check be paid to her by income deduction order. This amounted to $396.83 of the former husband’s $610.50 social security check.
The former wife’s motion was heard on motion calendar. The trial court apparently took the view that entry of the income deduction order was mandatory, regardless of the circumstances. The trial court entered an order requiring the social security administration to deduct $396.83 per month.
The former husband moved for rehearing, arguing that he was entitled to an evidentiary hearing. He attached a current financial affidavit stating that his net income was $854.77 per month, with monthly expenses in approximately the same amount, and that with the income deduction order, his expenses exceed his net income by approximately $400 per month. The trial court denied rehearing, and the former husband has appealed.
As we view the matter, the former wife in substance was asking the trial court to establish a payment schedule for the former husband on his alimony arrearage. There had not previously been any income deduction order in existence in this case.
Paragraph 61.1301(l)(a), Florida Statutes (2001), provides that “[u]pon the entry of an order establishing, enforcing, or modifying an obligation for alimony, for *944 child support, or for alimony and child support, other than a temporary order, the court shall enter a separate order for income deduction if one has not been entered.” It has been held that “once a trial court reduced the arrearage to a judgment” (as happened here), the court “was obligated to enter either an immediate or a delayed income deduction order.” State Dept. of Revenue v. LaPorte, 735 So.2d 574, 575 (Fla. 2d DCA 1999) (citations omitted); see also Coleman v. Coleman, 614 So.2d 532, 533 (Fla. 4th DCA 1993).
There is, however, a caveat. The obligor must have the ability to pay the deduction amount. An installment amount, or an income deduction amount, cannot be established which would leave the obligor without sufficient funds to live. Burdick v. Burdick, 601 So.2d 632, 634 (Fla. 4th DCA 1992).
The motion for an income deduction order was filed in September 2001. Just five months previously, in April 2001, the trial court after evidentiary hearing had concluded that the former husband did not have the ability to continue to pay alimony. Unless something had changed within the ensuing five months, it would stand to reason that the former husband was likewise unable to make payments on his alimony arrearage, or would be able to do so only in a modest amount.
The former husband’s request for an evidentiary hearing was well taken. In light of the former husband’s current financial affidavit and the April 2001 order, the former husband is entitled to a hearing on the question of ability to pay. We remand for that purpose.
If the trial court finds that there is an amount which the former husband can pay while still leaving him with funds to live on, then the court may enter an income deduction order for that amount. The former wife suggests that the former husband receives cash income which he does not report, and that the financial affidavit understates his actual income. The trial court is free to consider that issue on remand, as well as any other issue relevant to the former husband’s ability to pay.
We are sympathetic to the desire of the former wife to be paid the substantial ar-rearage which is owed, but any payment schedule which is set must leave the former husband with funds to live on.
The order under review is reversed and the cause remanded for an evidentiary hearing.