877 So.2d 882 (2004)
Fernando VEGA, Appellant,
v.
Sharon VEGA, Appellee.
No. 3D02-1087.
District Court of Appeal of Florida, Third District.
July 14, 2004.
David S. Rosenthal, Miami, for appellant.
Peter M. Hodkin, for appellee.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
COPE, J.
Fernando Vega appeals a final judgment of dissolution of marriage, contending that the amount of alimony he has been ordered to pay is excessive. We agree and reverse for a new hearing.
According to the amended final judgment, the husband's net income is $6,281 per month. The court awarded the wife $4,000 per month in permanent periodic alimony. For a two-year period, the court awarded the wife an additional $1,000 per month in rehabilitative alimony. Thus, the award for the first two years is $5,000 per month in alimony out of the husband's net income of $6,281. This is 80 percent of the husband's net income. After the two years, the award is $4,000 per month out of the husband's net income of $6,281, which is 64 percent of the husband's net income.
We reverse the awards as excessive. See Gandul v. Gandul, 696 So.2d 466, 468 (Fla. 3d DCA 1997) (70 percent of net *883 income excessive); de Armas v. de Armas, 471 So.2d 185, 185-86 (Fla. 3d DCA 1985) (80 percent of net income excessive); Parham v. Parham, 385 So.2d 107, 108 (Fla. 3d DCA 1980) (60 percent of net income excessive), see also Lambertini v. Lambertini, 817 So.2d 942 (Fla. 3d DCA 2002); Gomez v. Gomez, 659 So.2d 705, 706 (Fla. 3d DCA 1995) (excessive imputation of income; award exceeds ability to pay); Schwartz v. Schwartz, 427 So.2d 232 (Fla. 3d DCA 1983) (reversing under Parham and Blum); Scott v. Scott, 408 So.2d 1089, 1090 (Fla. 3d DCA 1982) (excessive awards); Blum v. Blum, 382 So.2d 52, 55 (Fla. 3d DCA 1980) (award left husband $50 per week).
It is axiomatic that the court must set an award which the payor has the ability to pay, and is as fair as possible to both parties.
"[A] trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be `shortchanged.'" Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla.1980) (citation omitted); Gandul.
The wife argues that an alimony award should be based on gross income, not net income. She contends that when the alimony award is compared to the husband's gross income, the award is reasonable. The wife is in error.
In reality, the case law states that net income is the relevant benchmark. Canakaris v. Canakaris, 382 So.2d at 1202 (Fla.1980); Lambertini v. Lambertini, 817 So.2d at 943; Gandul v. Gandul, 696 So.2d at 468; de Armas v. de Armas, 471 So.2d at 185; Parham v. Parham, 385 So.2d at 108; Blum v. Blum, 382 So.2d at 54.[*]
It is our understanding that the wife has now completed her course of studies in nursing, and has begun work. On remand, the wife's income should be taken into account in establishing the level of permanent periodic alimony. The husband does not dispute the wife's right to permanent alimony, but argues, correctly, that the amount which has been set exceeds his ability to pay.
For the stated reasons, we reverse the permanent and rehabilitative alimony awards contained in the amended final judgment, and remand for a hearing to set reasonable amounts which the husband can afford to pay.
Reversed and remanded.
NOTES
[*] The Canakaris decision states that "[a] spouse's ability to pay may be determined not only from net income, but also net worth, past earnings, and the value of the parties' capital assets." 382 So.2d at 1202 (citation omitted). In the present case, given the limited amount of the parties' other assets, the husband's ability to pay depends on his net income.