66 So.3d 983 (2011)
Sonia Edda DIAZ, Appellants,
v.
Juan DIAZ, Appellee.
No. 3D09-2854.
District Court of Appeal of Florida, Third District.
June 29, 2011.
Rehearing Denied August 11, 2011.
*984 Bofill & Vilar, and Jose C. Bofill, for appellant.
Orshan & Fajardo and Eliot R. Weitzman and Jamie Segal Davis, for appellee.
Before RAMIREZ, C.J., and GERSTEN and SALTER, JJ.
RAMIREZ, C.J.
Sonia Edda Diaz appeals the trial court's order granting Juan Diaz's motions for contempt, as well as the income deduction orders. Because we find that the court awarded attorney's fees for work not limited to the securing or collection of child support, we reverse.
The court dissolved the parties' marriage on December 7, 1995. Following the divorce, both parents shared parental responsibility of their child, with the mother designated as the primary residential parent, but in January 2007, the court transferred this designation to the father. In September 2007, the trial court adopted and ratified a proposed modification to the timesharing agreement. Under the modified agreement, neither party was required to pay child support to the other. Rather, both parties would pay their respective shares for such services as the parenting coordinator, the child's psychologist, and the child's tutor (66.67% by the father and 33.33% by the mother).
Because our decision is a matter of statutory interpretation, it is not necessary to recite all the events that led up to this appeal. We will discuss only the orders under appeal.
The first order is an Amended Income Deduction Order. This order requires that sixty percent (60%) of the mother's income be deducted from her paycheck to satisfy ongoing child support, arrearages, and attorney's fees and costs. The second is an Order Granting Father's Motions for Contempt. This order held the mother in civil contempt for her failure to follow the court's previous orders. Additionally, it warned her that should her failure to pay child support continue, the court would find her in criminal contempt. The third, and last, order on appeal is the Amended Order Granting Father's Motions for Contempt. This order is similar to the previous Order of Contempt, except that it requires that additional payments be made to the Guardian Ad Litem.
We first address whether section 61.1301, Florida Statutes (2010), was the appropriate vehicle for the collection of attorney's fees incurred by the father in this case. Section 61.1301(1)(a), states in relevant part that "[u]pon the entry of an order establishing, enforcing, or modifying an obligation for alimony, for child support, or for alimony and child support, other than a temporary order, the court shall enter a separate order for income deduction if one has not been entered." The statute continues in section (b)(1), "[t]he income deduction order shall ... [d]irect a payor to deduct from all income due and payable to an obligor the amount required by the court to meet the obligor's *985 support obligation including any attorney's fees or costs owed and forward the deducted amount pursuant to the order."
Because section 61.1301 is in derogation of the common law, it must be strictly construed. See Spalding v. Spalding, 813 So.2d 1078, 1079 (Fla. 4th DCA 2002). We interpret section 61.1301(1)(a) as authorizing an income deduction order to collect attorney's fees incurred as a result of securing and collecting child support and/or alimony. This does not mean that any time an individual brings an action to secure and collect support or alimony, any and all attorney's fees can be automatically folded into the income deduction order. See Nash v. Nash, 688 So.2d 428, 429 (Fla. 3d DCA 1997) (reversed the entry of an income deduction order, where the order was solely for the payment of attorney's fees).
Although we recognize that a portion of the attorney's fees in question did come from the securing and collection of child support, the record before this Court indicates that a sizeable amount came from collateral legal matters. For example, some of the fees in question were incurred as the result of the parties' custody dispute. The father argues that because "some portion" of the fees were related to the securing or collecting of child support, the income deduction order was appropriate. We do not believe that section 61.1301(1)(a) can be so liberally construed. Such construction would give it a meaning which "disregards the clear and unambiguous language of the statute." Spalding v. Spalding, 813 So.2d 1078, 1079 (Fla. 4th DCA 2002).
Next, we address the propriety of withholding sixty percent (60%) of the mother's income. As is evident from the trial transcript, part of the trial court's rationale in withholding sixty percent of the mother's income was to satisfy her obligation in attorney's fees. Because we have already concluded that the award of attorney's fees was not entirely eligible for collection via an income deduction order, this issue is now moot. We note, however, that it does not appear from the record that the mother's monthly obligation to the father would justify withholding 60% of her income. Even if any arrearages or other obligations unknown to this Court did exist, we would caution against levying such a burden without first determining if this would leave the mother with sufficient income to live. We are not holding that sixty percent is per se unreasonable. Rather, we reiterate our prior holding where we stated that the "obligor must have the ability to pay the deduction amount. An installment amount, or an income deduction amount, cannot be established which would leave the obligor without sufficient funds to live." Lambertini v. Lambertini, 817 So.2d 942, 944 (Fla. 3d DCA 2002).
In conclusion, we reverse the trial court's order allowing the collection of all attorney's fees via income deduction order. We remand to the trial court with instructions to vacate the order and determine what attorney's fees, if any, are related to the collection and securing of child support. Additionally, we instruct the trial court to conduct a hearing to determine what the appropriate withholding percentage would be in this case.
Reversed and remanded with instructions.
SALTER, J., concurs.
GERSTEN, Judge (dissenting).
I respectfully dissent. I believe the trial court's orders were correct. Therefore, I would affirm.