PER CURIAM.
 

 Juan R. Achurra, Appellant, seeks review of three non-final orders entered in a pending dissolution of marriage action. As Esperanza Achurra, Appellee, concedes, Appellant has identified one reversible error: the trial court improperly ordered deductions from Appellant’s income for a portion of an arrearage that does not represent family support or related attorney’s fees. For this reason only, we reverse and remand. Appellant has otherwise shown no reversible error.
 

 During the pendency of this dissolution of marriage action, Appellant liquidated his children’s pre-paid college accounts. Because the parties disagreed over the
 
 *170
 
 marital status of the funds contained within those accounts, the trial court ordered Appellant not to liquidate them or, if he had already done so, to place the funds in trust pending a final determination of their marital status. Appellant refused to comply and was found in contempt for this refusal, among other reasons. In an income deduction order, the trial court directed that $300 per month be deducted from Appellant’s income until an arrearage of $24,308.59 is satisfied. A portion of this arrearage represents funds Appellant obtained from the pre-paid college accounts.
 

 Section 61.1301(l)(b)l establishes the purposes for which an income deduction order may be used. This statute is in derogation of common law and, thus, must be strictly construed.
 
 Spalding v. Spalding,
 
 813 So.2d 1078, 1079 (Fla. 4th DCA 2002). It authorizes the use of an income deduction order to “[djirect a payor to deduct from all income due and payable to an obligor the amount required by the court to meet the obligor’s support obligation including any attorney’s fees or costs owed and forward the deducted amount pursuant to the order.” § 61.1301(l)(b)l. The pre-paid college accounts are not part of Appellant’s support obligation. Thus, even though Appellant is obligated to comply with the court’s order to place the funds from those accounts in trust pending the final determination of their marital status, this obligation may not be enforced through an income deduction order. Accordingly, we reverse and remand to the trial court for correction of the income deduction order to reflect that the funds from the pre-paid college accounts are not included in the amount of his total arrearage for the purposes of the income deduction order. In all other respects, the orders appealed from are affirmed.
 

 AFFIRMED in part; REVERSED in part; and REMANDED with directions.
 

 BENTON, C.J., LEWIS and SWANSON, JJ., concur.