FIFTH DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

Case No. 5D2024-2457
LT Case No. 05-2015-DR-39115

_____

DAMARIS TORRES-MELENDEZ,

Appellant,

v.

JUAN MELENDEZ-ANDRADE,

Appellee.

_____

On appeal from the Circuit Court for Brevard County.
Jigisa Dookhoo, Judge.

Jennifer S. Carroll, of Law Offices of Jennifer S. Carroll, P.A.,
Jupiter, for Appellant.

Elizabeth Siano Harris, of Harris Appellate Law Firm, Mims, for
Appellee.

May 22, 2026

LAMBERT, J.

The parties to this appeal are former spouses and are before
this court a second time.[1]  In this current appeal, Former Wife

_____

[1] The appellant, Damaris Torres-Melendez ("Former Wife"),
previously appealed the trial court's final judgment and the
amended final judgment.  We consolidated the two appeals and

challenges the trial court's post-judgment and post-plenary-appeal orders awarding attorney's fees to Juan Melendez-Andrade ("Former Husband"), adjudicating Former Wife in contempt of court, and precluding Former Wife from conducting certain discovery, and the issuance of two Income Deduction Orders ("IDOs") to secure payment of final orders awarding attorney's fees to Former Husband.

We affirm, without further discussion, on all issues save one. For the following reasons, we conclude that the trial court erred in entering IDOs to collect payment of *all* of the attorney's fees awarded to Former Husband.

I

A detailed history of the parties' litigation is unnecessary to the disposition of this appeal. Former Wife argues that the trial court erred under section 61.1301, Florida Statutes (2024), in issuing the IDOs to collect all of Former Husband's trial and appellate attorney's fees previously awarded instead of limiting the IDOs to only those amounts of attorney's fees incurred in securing or enforcing alimony or child support obligations.

Section 61.1301 is titled "Income Deduction Orders." Subsection (1)(a) of this statute provides that "[u]pon the entry of an order establishing, enforcing, or modifying an obligation for alimony, for child support, or for alimony and child support, other than a temporary order, the court shall enter a separate order for income deduction if one has not been entered."

Section 61.1301(1)(b)1. then requires that the IDO "[d]irect a payor to deduct from all income due and payable to an obligor the amount required by the court to meet the obligor's support obligation including any attorney's fees or costs owed and forward the deducted amount pursuant to the order."

The issue framed by Former Wife regarding the alleged

---

affirmed the judgments without opinion. *Torres-Melendez v. Melendez-Andrade*, 358 So. 3d 426 (Fla. 5th DCA 2023).

erroneous overbreadth of the IDOs requires our interpretation of these statutory provisions. Our review is de novo. *See Edwards v. Thomas*, 229 So. 3d 277, 283 (Fla. 2017) (holding that the interpretation of a statute is subject to de novo review (quoting *W. Fla. Reg'l Med. Ctr., Inc. v. See*, 79 So. 3d 1, 8 (Fla. 2012))).

II

We hold, consistently with decisions from our sister courts, that section 61.1301(1)(a)'s limitation on the use of IDOs to those orders that have established, enforced, or modified alimony and/or child support obligations precludes their use *solely* for the payment of attorney's fees.[2] *See Baime v. Baime*, 912 So. 2d 1273, 1273 (Fla. 4th DCA 2005) ("Section 61.1301, Florida Statutes, does not allow income deduction orders to be used solely for the payment of attorney's fees." (citing *Spalding v. Spalding*, 813 So. 2d 1078, 1079 (Fla. 4th DCA 2002))); *Nash v. Nash*, 688 So. 2d 428, 429 (Fla. 3d DCA 1997) (reversing the entry of an IDO solely for the payment of attorney's fees on the basis that such an order is not sanctioned by section 61.1301 (citation omitted)).

This, however, does not end our analysis. As argued by Former Husband, our record indicates that some portion of the attorney's fees awarded were necessarily incurred by Former Husband to establish or enforce alimony or child support. Under these circumstances, and consistently with the language of section 61.1301(1)(b)1. that permits an IDO from an obligor's income for those sums required to meet the support obligation including any attorney's fees or costs owed, we find that the portion of Former Wife's attorney's fees obligation to Former Husband incurred regarding her alimony or support obligation can be recovered through an IDO. *See Diaz v. Diaz*, 66 So. 3d 983, 985 (Fla. 3d DCA 2011) (reversing the trial court's order allowing for the collection

---

[2] For example and by way of comparison, an IDO also cannot be used in dissolution of marriage litigation for the equitable distribution of assets. *See Silversmith v. Silversmith*, 797 So. 2d 653, 654 (Fla. 3d DCA 2001) ("It is well settled that an income deduction order may not be entered for purposes of effectuating the trial court's plan for equitable distribution." (citations omitted)).

of all attorney's fees via IDO and remanding to the trial court with instructions to vacate the order and to determine what amount of the attorney's fees, if any, related just to the collection and securing of child support); *Spalding*, 813 So. 2d at 1079 (disallowing an income deduction order for attorney's fees because the fees were not incurred in "*securing payment* of support or alimony").

We therefore reverse the trial court's IDOs that allowed for the collection of all of Former Husband's court-awarded attorney's fees. We remand with instructions that the trial court vacate these IDOs and determine what amount of the attorney's fees awarded to Former Husband were related to the establishing or enforcing of alimony and/or child support and to issue IDOs only for these attorney's fees.

AFFIRMED, in part; REVERSED, in part; and REMANDED, with instructions.

MAKAR and MACIVER, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____