495 So.2d 271 (1986)
Myra LITTLEJOHN, Appellant,
v.
Charlie H. LITTLEJOHN, Jr., Appellee.
No. 86-1923.
District Court of Appeal of Florida, Second District.
October 1, 1986.
*272 Elihu H. Berman of Krug, Berman & Silverman, Clearwater, for appellant.
David J. Kurland, Clearwater, for appellee.
PER CURIAM.
This is an appeal from a nonfinal order denying the wife's motion for temporary support and attorney's fees. Because of the nature of the case, we have expedited our review.
For purposes of the appeal, the parties filed a stipulated statement which reads in pertinent part:
The issue to be presented in this appeal is whether the Wife/Appellant is entitled to temporary support and/or attorney's fees during the pendency of this action. The issue was presented to the Court in the following manner:
... .
C. The Petition for Dissolution of Marriage and a Notice of Hearing on the Wife's Motion for Temporary Relief were served upon the Husband on said 15th day of July, 1986; the Notice of hearing provided that hearing would be held on the Wife's Motion for Temporary Relief on July 17, 1986.
D. The parties, and their counsel, appeared before the Court on July 17, 1986, in accordance with said Notice of Hearing.
E. No report of the proceedings was made.
F. Counsel for the Husband objected to proceeding on the Wife's Motion for Temporary Relief on the ground that he had had only two days' notice thereof, and that he should have had at least five days' notice.
G. Counsel for the Wife responded that this was an emergency situation, in that the Husband had threatened to cut off the utilities for the home in which the Wife was living, that she was unemployed, and had no sufficient assets with which to support herself, much less to pay for the cost of obtaining new living quarters and paying for the moving expense.
H. Counsel for the Husband replied that the Husband had left the marital home upon the Wife's demand.
I. The Court responded by stating that "I will reserve ruling on that and the Motion for Temporary Relief is denied because this is a short term marriage."
J. The Court went on to point out that there were no minor children of this marriage, and that the Wife's Affidavit showed that she had an income of $118.00 per week from unemployment compensation, and $25.00 per week for child support (from a prior marriage).
K. The Wife's counsel interjected that the Wife's unemployment compensation would end within two weeks, and that she was unable to work because of her health, but the Court would not permit him to present any testimony, and declared the hearing terminated.
L. On July 21, 1986 the Court signed an Order denying the Wife's Motion for Temporary Relief, but providing that the Husband shall continue to pay the costs of the utilities incurred at the marital home pending the final hearing in this cause. Said Order further provided that "No further motions for temporary relief will be entertained by this Court pending final hearing herein."
The granting of temporary alimony and attorney's fees depends upon the need of the petitioning spouse, the ability of the other to pay, and the parties' standard of living. Belcher v. Belcher, 271 So.2d 7 (Fla. 1972). Here, the court refused to consider evidence bearing upon these criteria. Even assuming that the 6 1/2 years these parties were married constituted a short-term marriage, this fact, standing alone, could not justify the denial of temporary relief. §§ 61.071, 61.16, Fla. Stat. (1985). The provision of the order which precluded further petitions on the subject exacerbated the error.
We reverse the order denying temporary relief and remand for a new hearing at *273 which time the court should consider all relevant evidence. Any motion for rehearing directed to this opinion shall be filed within ten days.
GRIMES, A.C.J., and SCHEB and RYDER, JJ., concur.