825 So.2d 531 (2002)
PREFERRED POOLS AND SPAS OF NAPLES, INC., Appellant,
v.
BEACHTREE HOMES, INC., and Gabriel and Elizabeth Feldman, Appellees.
No. 2D01-4071.
District Court of Appeal of Florida, Second District.
September 13, 2002.
William G. Morris and John N. Jenkins of Law Offices of William G. Morris, Marco Island, for Appellant.
*532 John R. Hurley, Naples, for Appellees.
ALTENBERND, Judge.
Preferred Pools and Spas of Naples, Inc. ("Preferred Pools"), files a nonfinal appeal from an order denying reconsideration of an earlier order granting a motion to dismiss one count of its counterclaim. Preferred Pools asserts that the order denying reconsideration is appealable as an order denying relief from judgment pursuant to Florida Rule of Civil Procedure 1.540. However, the trial court never entered a final judgment under which Preferred Pools could seek relief under rule 1.540. In reality, we have an order granting a motion to dismiss one count of a counterclaim that probably would not have been appealable in the first place, see S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974); Mermel v. Rifkin, 603 So.2d 595 (Fla. 3d DCA 1992), and an unauthorized motion for rehearing that did not stay rendition of the nonfinal order of dismissal. See Wagner v. Bieley, Wagner & Assocs., 263 So.2d 1 (Fla.1972); Bodkin v. Sweeney, 805 So.2d 847 (Fla. 2d DCA 2001); Bell v. Geist, 531 So.2d 406 (Fla. 5th DCA 1988). Accordingly, there is no timely appeal of an appealable order in this case.
We have some concern that the trial court's ruling in the order granting appellees' motion to dismiss, which also terminates a recorded lien, may be incorrect. Nevertheless, we cannot treat this proceeding as a petition for common law writ of certiorari because it was filed more than thirty days from the date of rendition of the dismissal order.
Dismissed.
NORTHCUTT and DAVIS, JJ., Concur.