PER CURIAM.
In this dissolution action, we reverse the final judgment awarding former wife $4,000 in attorney’s fees for the period after January 11, 2001, because the judgment lacks the requisite findings under Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985)(requiring the trial court to make express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved). On remand, a new evidentiary hearing will be required since the trial judge that entered the attorney’s fee judgment has recused himself, precluding the usual procedure of allowing the trial court to supplement the order with the required findings. See Guardianship of Halpert v. Rosenbloom, 698 So.2d 938 (Fla. 4th DCA 1997).
The former wife also argues that the trial court failed to consider her request for an enhancement multiplier on her attorney’s fee award because of former husband’s alleged “dilatory and bad faith practices.” The trial court failed to rule on this issue and former wife did not seek a ruling on motion for rehearing. Without a ruling, it is unclear whether the trial court granted or denied former wife’s request. Cf. Matisko v. Matisko, 834 So.2d 405 (Fla. 5th DCA 2003)(finding that party’s failure to obtain a ruling on his motion for sanctions precluded consideration on appeal of whether the motion should have been granted). On remand, the trial court shall make a ruling on former wife’s request for an enhancement multiplier.
*937 We have considered the other issues raises by appellant, but find no error.
AFFIRMED in part, REVERSED in part, and REMANDED.
STEVENSON, GROSS and MAY, JJ„ concur.