962 So.2d 1048 (2007)
John C. HOTALING, Appellant,
v.
Lori A. HOTALING, Appellee.
No. 2D06-5383.
District Court of Appeal of Florida, Second District.
August 17, 2007.
*1049 Lorena L. Kiely of Law Office of Lorena L. Kiely, Tampa, for Appellant.
Ronald W. Young, Tampa, for Appellee.
CANADY, Judge.
In this case arising from a petition for dissolution of marriage, John C. Hotaling, the husband, appeals a temporary order awarding to the wife, Lori A. Hotaling, custody of the parties' five-year-old daughter, exclusive use and possession of the marital home, alimony, child support, and expenses pertaining to the marital home and a rental vehicle. We affirm the awards involving custody of the minor *1050 child and the exclusive use and possession of the marital home without further comment. However, for the reasons set forth below, we reverse the alimony, child support, and expense awards and strike one of the findings made by the trial court in the temporary order.

I. Background

The husband originally filed a petition for dissolution in February 2006. In March 2006, the trial court entered a temporary order which awarded the wife primary residential care of the parties' daughter, exclusive use and possession of the marital home, $2000 per month in alimony, and $571.60 per month in child support. The husband was also ordered to pay $166 per month for child care costs and to maintain health insurance coverage for the child.
In August 2006, the parties attempted to reconcile and filed a joint dismissal of the pending dissolution proceeding. Subsequently, however, the wife filed her petition for dissolution on September 22, 2006.
The trial court held a hearing on temporary issues on October 30, 2006. The husband testified that his business earns $15,000 per month, but that after expenses, his take-home pay is $6300 per month. His October 27, 2006, financial affidavit reflects the same gross monthly income and a $5411.10 net monthly income. His listed monthly expenses totaled $6451.78, which included the mortgage, utilities, and telephone, and $416 per month for health insurance for himself, his daughter, the wife, and the wife's other daughter from a prior relationship. The husband's affidavit did not include an expense for child care.
The wife testified that she had to rent a vehicle because the husband had not provided a car for her to drive. As of October 30, 2006, she had spent $800 on the rental vehicle since she obtained it in early September 2006. The wife's financial affidavit reflects no monthly income and monthly expenses totaling $6050. However, the wife's affidavit did not contain a listed expense for child care. Further, the wife admitted at the hearing that her financial affidavit was no longer completely accurate because some of the expenses only arose when she and the husband were living together.
At the conclusion of the hearing, the trial court entered its temporary order. The wife was awarded temporary exclusive use and possession of the marital home and primary residential care of the parties' daughter. In seeking temporary child support, the wife sought to have income imputed to the husband, and the trial court noted that, in a prior order, it had determined the husband's financial affidavit conflicted with his testimony. However, the trial court found that "insufficient evidence has been presented at this time for the Court to find an imputation of income." The trial court went on to find that the husband's net monthly income was $5040.13. Nothing in the record explains the discrepancy between the husband's reported net monthly income of $5411.10 and the trial court's finding that the husband's net monthly income was only $5040.13.
The husband was ordered to pay $2000 per month in alimony, $571.60 per month in child support, and $166 per month for child care. The husband was also ordered to continue to temporarily provide health insurance for the parties' daughter and to maintain the mortgage, insurance, ad valorem taxes, electricity, water, basic telephone services for the marital home, and the rental lease on the wife's rental vehicle. From that order, the husband now appeals.

II. The Temporary Payments Ordered by the Trial Court Exceed the Husband's Ability to Pay

"[A]ppellate courts are reluctant to disturb the judgment of a trial court in *1051 respect to financial awards in marital cases," but such an award will be reversed where it "is not supported by substantial, competent evidence." Sokol v. Sokol, 441 So.2d 682, 684 (Fla. 2d DCA 1983).
A financial award which requires one party to pay alimony or marital obligations in excess of that party's ability to pay constitutes an award which is not supported by substantial, competent evidence. Hence, "a trial court cannot enter a temporary [financial] award that exceeds or nearly exhausts a party's income" because it would abuse its discretion by doing so. Bolton v. Bolton, 898 So.2d 1084, 1084 (Fla. 4th DCA 2005); see also Barclay v. Barclay, 554 So.2d 1191, 1191-92 (Fla. 2d DCA 1989) (reversing temporary alimony and child support award which required husband to pay $5778 per month in obligations, where husband only made $5666 per month); Fields v. Fields, 533 So.2d 922, 924 (Fla. 2d DCA 1988) (reversing temporary alimony award where it exceeded husband's net weekly salary); Sokol, 441 So.2d at 685 (reversing alimony, child support, and expense award which left husband with just $328 a month after payment of his obligations because it "simply consumes too large a share of the husband's presumed ability to earn"); Nicholson v. Nicholson, 372 So.2d 178, 179 (Fla. 2d DCA 1979) (holding alimony award was clearly excessive and constituted an abuse of discretion where it consumed 96% of the husband's current income).
Here, the husband's financial affidavit reflected that he earned $6300 per month and that his after-tax earnings were $5411.10 a month. The trial court expressly declined to impute any extra income to him and found that his net monthly income  after a $2000 deduction for the alimony award  was $3040.13. By implication then, the trial court found that the husband's net monthly income was $5040.13. After deducting the amounts for alimony ($2000), child support ($571.60), and child care ($166), the husband is left with $2302.53 a month.
Yet, the husband's obligations do not end there. Rather, the husband was also ordered to pay for (1) health insurance for the parties' daughter at a rate of $104 a month; (2) the mortgage on the marital home (either $2373.78 a month per the husband's financial affidavit or $1900 a month per the wife's financial affidavit); (3) property taxes of approximately $300 per month according to the wife's financial affidavit; (4) utilities and basic telephone service (either $350 or $485 per month depending on which financial affidavit was used); (5) insurance on the marital home for which there was no estimate provided by either party; and (6) the vehicle lease for the wife.
Since the husband would be left with $2302.53 a month after payment of alimony, child support, and child care expenses, he would have a deficit if he paid the mortgage payment as stated in his financial affidavit ($2373.78 a month). Even if the wife's figure was used ($1900 a month), the husband would be left with only $402.53 a month. If the net monthly income shown in the husband's affidavit is utilized, the income available to the husband is increased by $370.97. From the amount available to him after paying the alimony, child support, child care expenses, and the mortgage payment, the husband would still be required to pay for property taxes, insurance on the marital home, utilities, basic telephone service, and the cost of the vehicle lease for the wife. Based on these circumstances, we conclude that the trial court abused its discretion by ordering the husband to make payments which exhaust or virtually exhaust his income.
Additionally, the trial court abused its discretion by ordering the husband to *1052 pay $166 a month for child care expenses because there is no record evidence to support such an award.
We reject the wife's argument that because the husband failed to object to the initial temporary awards issued in March 2006, he should be precluded from challenging the temporary awards at issue here. The wife has presented no basis for concluding that the interlocutory order in the prior proceeding has any preclusive effect in this case. We also reject the wife's argument that the husband was required to seek rehearing of the order on appeal. The husband would have been precluded from doing so because the order on appeal was nonfinal. See Fla. Fam. Law. R.P. 12.530; Fla. R. Civ. P. 1.530; Wagner v. Bieley, Wagner & Assocs., Inc., 263 So.2d 1, 3 (Fla.1972); Preferred Pools & Spas of Naples v. Beachtree Homes, Inc., 825 So.2d 531, 532 (Fla. 2d DCA 2002). Finally, we note that the wife's assertion that the husband previously paid all sums required is without record support, and in any event, "the previous course of conduct of the parties is not the correct standard for assessing a temporary . . . award." Fields, 533 So.2d at 924.
Accordingly, we reverse the temporary awards relating to alimony, child support, health insurance, child care, expenses for the marital home, and the wife's rental vehicle. We remand with instructions to redetermine the husband's financial obligations after further evidentiary proceedings. See Barclay, 554 So.2d at 1192.
III. There Is No Substantial, Competent Evidence Supporting the Trial Court's Finding That the Husband's Financial Affidavit Conflicted With His Testimony
Although the husband attacks four of the trial court's factual findings, we find that three of the findings were based on credibility determinations, which were solely within the province of the trial court. See Sinclair v. Sinclair, 804 So.2d 589, 592 (Fla. 2d DCA 2002). However, the fourth findingthat the trial court had previously determined the husband's financial affidavit conflicted with his testimonyis not supported by substantial, competent evidence.
In the order on appeal, the trial court stated that "the Court, in the order of March 16, 2006, found that the Husband's financial affidavit conflicted with his testimony." However, the March 16, 2006, Temporary Order of Support contains no such finding. Nor does the March 28, 2006, Temporary Order of Custody, Visitation, Exclusive Use and Possession of the Marital Home and Child Support-which was entered after the March 16, 2006, hearing was continued-contain such a finding. Thus, the trial court was mistaken that it had previously determined in the March 16, 2006, order "that the Husband's financial affidavit conflicted with his testimony."
More importantly, the husband testified that after business expenses, his take-home pay is approximately $6300 a month, which is the same figure listed on his financial affidavit. Consequently, there is no substantial, competent evidence to support a finding that the husband's financial affidavit conflicted with his testimony. We therefore strike the statement by the trial court as it pertains to this issue.
Affirmed in part, reversed in part, and remanded with instructions.
STRINGER and KELLY, JJ., Concur.