PER CURIAM.
 

 Bernard Perez, the Husband, appeals a temporary support award encompassing both temporary alimony and temporary child support. He also appeals the award of the temporary exclusive use and possession of the marital home to Carmen Perez, the Wife. We affirm the award of the temporary exclusive use and possession of the marital home without comment. However, we conclude the trial court abused its discretion by entering the temporary support award that virtually exhausted all of the Husband’s net monthly income.
 

 The parties were married in December 1988 and separated in February 2008. During the marriage, the parties had three children. The Wife filed her petition for temporary support on February 21, 2008. The trial court conducted a hearing on the petition.
 

 In her “temporary relief hearing memorandum” and at the hearing, the Wife asserted that the Husband’s income was really higher than what was reflected in his financial affidavit. Specifically, the Wife alleged the Husband received an additional $10,000 a month beyond what was reported in his financial affidavit; the allegations were based on the Husband’s American Express business account which reflected that some of the items purchased were for personal use.
 

 The Wife’s financial expert testified that she reviewed three American Express statements from November and December 2007 and January 2008, which were the only statements the Husband had produced. These statements reflected charges for personal items averaging $8399 per month. By multiplying this amount by twelve, she estimated that the Husband had an additional $100,000 in annual income from the use of the American Express card that should be added to his W-2 salary of $314,864. However, on
 
 *472
 
 cross-examination, the expert admitted she did not know if the amounts charged on the American Express card were included as part of the Husband’s reported income on his W-2. She also acknowledged that her formula for deriving the amount spent by the Husband on personal expenditures for an entire year was a “best guess” because she did not have documentation for an entire twelve-month period. Finally, she acknowledged that a $500,000 home equity line of credit (HELOC), which the parties had obtained, could have provided sufficient funds to make up the difference between the parties’ expenses and their reported income, thereby implying that the Husband would not have needed to rely on the American Express card for income on a continuing basis. However, she did not consider that possibility when preparing her opinion because no documentation had been provided to her showing that the HELOC had been advanced.
 

 The Husband’s financial expert testified that he too was unaware of whether the Husband had reported personal expenditures on the American Express card as income on his W-2. He also acknowledged that the HELOC payments were not included in the Husband’s financial affidavit but testified it was merely an oversight. He further testified that he had been informed that the HELOC had been fully advanced and used in a three-year period and that the payments on the HELOC were a little over $2000 a month.
 

 The trial court determined the Husband’s net monthly income was $26,545.
 
 [1]
 
 This figure was based on the Husband’s W-2 income together with the additional income attributed to the American Express card charges. Based on this finding, the trial court awarded temporary alimony in the amount of $6000 per month and temporary child support in the amount of $2500 per month. The trial court also ordered the Husband to continue paying the monthly mortgage payments of $9624 on the marital residence and $2200 on the HELOC as well as $2700 monthly private school tuition for the children. Thus, the Husband’s monthly financial obligations totaled $23,024.
 

 We begin our review of the trial court’s rulings by questioning the imputation of the additional $100,000 income. Courts have discretion to impute income in appropriate circumstances, but the imputation must be based on competent, substantial evidence.
 
 See Griffin v. Griffin,
 
 906 So.2d 386, 387 (Fla. 2d DCA 2005). However, “guesses or assumptions about facts cannot constitute evidence that would reasonably support a factual conclusion.”
 
 Holden v. Holden,
 
 667 So.2d 867, 869 (Fla. 1st DCA 1996).
 

 In this case, the evidence presented to support the imputation of additional income consisted of three American Express statements that the Wife’s expert relied upon to assume that the Husband used the American Express business card for personal expenditures every month. The reasonableness of this assumption is undermined by the expert’s acknowledgment that she did not know whether the amounts charged were reported as part of the Husband’s W-2 income, and further, she did not take into consideration the fact that proceeds from the HELOC were sufficient to cover living expenses that otherwise exceeded the parties’ W-2 incomes. Thus, we conclude the imputation of the
 
 *473
 
 additional $100,000 income is not supported by competent, substantial evidence.
 

 However, even if we assume the imputation was correct, we would still conclude that the trial court abused its discretion in entering the temporary support award. “ ‘[A] trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be “shortchanged.” ’ ”
 
 Vega v. Vega,
 
 877 So.2d 882, 883 (Fla. 3d DCA 2004) (alteration in original) (quoting
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1204 (Fla.1980) (citation omitted)). This court and other courts have long held that
 

 [a] financial award which requires one party to pay alimony or marital obligations in excess of that party’s ability to pay constitutes an award which is not supported by substantial, competent evidence. Hence, “a trial court cannot enter a temporary [financial] award that exceeds or nearly exhausts a party’s income” because it would abuse its discretion by doing so.
 

 Hotaling v. Hotaling,
 
 962 So.2d 1048, 1051 (Fla. 2d DCA 2007) (quoting
 
 Bolton v. Bolton,
 
 898 So.2d 1084, 1084 (Fla. 4th DCA 2005));
 
 see also Vega,
 
 877 So.2d 882 (reversing alimony award which started off consuming 80% of Husband’s income and then was reduced to consuming 64% of Husband’s income);
 
 Dennison v. Dennison,
 
 852 So.2d 422 (Fla. 5th DCA 2003) (reversing alimony and child support awards which consumed 83% of Husband’s income);
 
 Gandul v. Gandul,
 
 696 So.2d 466 (Fla. 3d DCA 1997) (reversing rehabilitative alimony award which consumed 70% of Husband’s income).
 

 The trial court’s order requires the Husband to pay monthly financial obligations in the amount of $23,024, which equates to approximately 86% of his monthly net income of $26,545. The Husband is left with $3521. Such an award nearly exhausts the Husband’s- income, which as noted herein, constitutes an abuse of discretion.
 

 We therefore reverse the support awards and remand with instructions to redetermine the Husband’s financial obligations after further evidentiary proceedings.
 
 See Hotaling,
 
 962 So.2d at 1052. On remand, the trial court should base the temporary support awards on the current circumstances of the parties and not on possibilities which have not yet been realized, such as the prospect of refinancing the marital home.
 
 See LaSala v. LaSala,
 
 806 So.2d 602, 604 (Fla. 4th DCA 2002);
 
 Hollinger v. Hollinger,
 
 684 So.2d 286, 288 (Fla. 3d DCA 1996).
 

 Affirmed in part; reversed in part; remanded for further proceedings.
 

 FULMER, WHATLEY, and KHOUZAM, JJ., Concur.
 

 [1]
 

 . In the original temporary support order, the trial court determined the Husband's net monthly income was $23,000. However, the court subsequently entered an order on the Husband's motion for rehearing revising that figure to $26,545, based on mathematical corrections submitted by the Husband's counsel.