SILBERMAN, Judge.
 

 Debra A. de Gutierrez (the Wife) appeals a nonfinal order that denies her request to have Homero M. Gutierrez (the Husband) pay temporary alimony in this dissolution of marriage proceeding. Because the trial court’s ruling is not supported by competent, substantial evidence, we reverse and remand for further proceedings.
 

 The parties had been married for only twenty-two months when they separated. In her petition for dissolution, the Wife sought temporary alimony, and the trial court conducted hearings on October 22, 2008, and November 6, 2008. At that time, the Wife was fifty years old and the Husband was forty-nine years old.
 

 The Wife presented evidence of the parties’ standard of living through her testimony and the testimony of her CPA. The CPA testified to a marital standard of living of $8000 to $10,000 in monthly expenses. The CPA stated that the Wife had a need of $4500 per month in temporary alimony plus the payment of the mortgage on the marital home of $1735 per month. The CPA noted that the Wife had no income for 2008 and that in 2007 she grossed $8681.50 as a realtor.
 

 
 *1112
 
 The Wife testified that she was presently unable to work due to her medical conditions and had no income. She suffered from severe depression, bipolar disorder, borderline personality disorder, and anxiety panic attacks. She also suffered from degenerative disc disease in her neck, bulging and herniated discs in her neck and upper back, and a torn rotator cuff. She had been hospitalized in October 2007 for depression and suicidal ideologies, and she was involuntarily hospitalized for a week in January 2008. She was also taken to the emergency room in February 2008 for an anxiety panic attack. She detailed the prescription medications she was taking and named five different medical professionals who had been providing care for her. The Wife testified that she has documentation for her medical expenses and for her psychologist and psychiatrist and that she believed that the documentation was provided in discovery. The Husband presented no evidence to refute her testimony.
 

 On cross-examination, the Wife stated that her doctors informed her that they did not think that she was ready to go to work, and the Husband’s counsel asked, “They didn’t say you’re not able to go to work, correct?” She replied, “I have asked my doctors consistently: I would like to go back to work. I feel nonproductive. And they have told me, ‘No, you are in no condition to go back to work.’ ” She admitted that she could get to her doctor’s appointments and that she went to the pool and exercise room to build up her health. However, the Husband presented no evidence to indicate that she was able to hold a job at the time of the hearings or that she did not suffer from the medical conditions that she related in her testimony. When questioned about whether he had asked the Wife to get a job, he replied, “Not lately, no.”
 

 At the time of the hearing, the Wife had depleted her nonmarital brokerage account of $16,428 and other bank accounts to pay her expenses. She had to put additional expenses on credit cards and borrow money from her parents. The Wife testified that she has $60,000 in an IRA but would be subject to penalties if she withdrew funds from the IRA. The Wife testified that she owns a rental property; however, the tenants have a three-year lease for $1000 per month and the mortgage payment is $1250 per month.
 

 With respect to the Husband, he is employed as an executive chef and has an ownership interest in the restaurant where he works. He acknowledged that his salary, bonuses, and distributions for 2007 totaled $113,000. His 2008 income through September 25, 2008, was $94,558.34. The Wife’s CPA calculated the Husband’s total income for 2008 and estimated it to be $144,000.
 

 The CPA gave detailed testimony on the parties’ expenses and pointed out some inaccuracies on both financial affidavits. She concluded that the Husband could pay $4500 to the Wife in temporary alimony, pay the mortgage on the marital home, and still maintain the lifestyle that he had reflected on his financial affidavit.
 

 In its order denying relief, the trial court noted that the parties separated after twenty-two months of marriage. The trial court then found that the Wife failed to prove that she is unable to work for medical reasons, that she owns a nonmari-tal residence that is rented out, and that she “has approximately $60,000 in retirement income.” The court ordered that the Husband pay only the Wife’s health insurance while the case is pending.
 

 Although awards of temporary alimony are within the trial court’s broad discretion, the record must contain compe
 
 *1113
 
 tent, substantial evidence to support the trial court’s ruling.
 
 See Driscoll v. Driscoll,
 
 915 So.2d 771, 773 (Fla. 2d DCA 2005). In considering whether an award of temporary alimony is warranted, the trial court must consider the parties’ standard of living, along with the need of the petitioning spouse and the other spouse’s ability to pay.
 
 Littlejohn v. Littlejohn,
 
 495 So.2d 271, 272 (Fla. 2d DCA 1986);
 
 Vickers v. Vickers,
 
 413 So.2d 788, 789 (Fla. 3d DCA 1982). In
 
 Littlejohn,
 
 this court reversed an order denying temporary relief when the trial court had refused to consider evidence relevant to the wife’s need. 495 So.2d at 272. The trial court had denied relief on the ground that the marriage, one of six and a half years, was a short-term marriage. This court stated that the factor of a short-term marriage, “standing alone, could not justify the denial of temporary relief.”
 
 Id.
 
 Here, to the extent that the trial court denied the Wife’s request for temporary alimony based on the fact that the parties had a short-term marriage, this factor standing alone does not justify the trial court’s ruling.
 
 See id.
 

 The trial court also made findings that are not supported by competent, substantial evidence. The Wife had the burden to establish the income available to her in proving her need.
 
 See Esaw v. Esaw,
 
 965 So.2d 1261, 1267 (Fla. 2d DCA 2007),
 
 review denied,
 
 981 So.2d 1199 (Fla.2008). Once the Wife presented competent, substantial evidence regarding her available income, the Husband then had the burden of presenting evidence to rebut the Wife’s evidence.
 
 See id.
 
 The Wife presented competent evidence through her detailed testimony that she was unable to work at the time of her hearing due to her serious medical conditions. The Husband presented no evidence on the Wife’s ability to work. We conclude that the evidence does not support the trial court s finding that the Wife failed to prove that she is unable to work.
 

 With respect to the Wife’s assets, the trial court found that the Wife owned a rental property. However, the trial court failed to acknowledge, based on the unre-futed evidence, that the mortgage payment exceeded the rental income and that the property was subject to a three-year lease. The trial court also found that the Wife had $60,000 in retirement “income.” The evidence does not support that finding. The evidence clearly shows that the Wife has a retirement asset, a $60,000 IRA, that she cannot access without penalty. Furthermore, the Wife should not be required to liquidate her assets to provide for her support.
 
 See Byers v. Byers,
 
 910 So.2d 336, 342 (Fla. 4th DCA 2005);
 
 Wolfson v. Wolfson,
 
 455 So.2d 577, 579 (Fla. 4th DCA 1984).
 

 Therefore, we conclude that the trial court erred in failing to award any temporary alimony to the Wife. We reverse the order denying temporary alimony and remand for the trial court to consider the evidence based on the Wife’s need and the Husband’s ability to pay, taking into account the marital standard of living. The temporary alimony award should be retroactive to the date the Wife filed her request for temporary relief.
 
 See Byers,
 
 910 So.2d at 343. The trial court may take additional evidence on remand if circumstances have changed.
 
 See Driscoll,
 
 915 So.2d at 773.
 

 Reversed and remanded.
 

 KELLY and CRENSHAW, JJ., concur.