WHATLEY, Judge.
In this dissolution of marriage proceeding, the Husband, John Stanton, appeals a nonfinal order awarding the Wife, Susan Stanton, temporary alimony, child support, and attorney’s fees.[1] The trial court awarded the Wife $75,000 per month in temporary support for her and the parties’ minor child and a total of $336,946.48 in temporary attorney’s fees and costs. We agree with the Husband that the trial court’s finding that the Wife needed this amount of monthly support is not supported by competent, substantial evidence in the record and reverse the award of monthly support. We also agree with the Husband that the trial court’s award of temporary attorney’s fees must be reversed because the trial court failed to make any findings regarding the reasonableness of the hourly rate and time expended. We do not find merit in his argument regarding the prior financial agreement of the parties and affirm on that point without discussion.
When a trial court evaluates whether an award of temporary alimony is proper, it must consider the parties’ standard of living in addition to the need of one spouse and the other spouse’s ability to pay. de Gutierrez v. Gutierrez, 19 So.3d 1110, 1113 (Fla. 2d DCA 2009). In Ghay v. Ghay, 954 So.2d 1186, 1190 (Fla. 2d DCA 2007), this court noted that it was much more difficult to establish that a trial court abused its discretion or that a harmful error of law occurred in an order awarding temporary alimony. However, this court nevertheless reversed the temporary award of alimony and child support because the amount awarded was greater than the evidence establishing the wife’s need. Id. at 1189. In Ghay, the wife testified that she needed between $7000 and $8700 per month to meet the family’s expenses and she did not differentiate between her expenses and the children’s expenses. Id. However, the trial court awarded a combined total of almost $13,000 a month for the wife and the children. Id. This court held that even though the award was temporary, it had to be reversed because it did not comport with the evidence presented. Id. at 1190; see also de Gutierrez, 19 So.3d at 1112-13 (“Although awards of temporary alimony are within the trial court’s broad discretion, the record must contain competent, substantial evidence to support the trial court’s ruling.”).
*690 In the present case, the Wife testified that her monthly expenses totaled $44,029 and, similar to Ghay, this amount included both her expenses and her son’s expenses. Her affidavit reflected the same total for her monthly expenses, and as noted in her brief, the child’s itemized expenses were reflected in her affidavit. Therefore, the trial court clearly erred in awarding her $75,000 in monthly support when the evidence showed that the monthly expenses for the Wife and the child were at most $44,029. See Ghay, 954 So.2d at 1189.
Because the monthly award of $75,000 is not supported by the record, we must reverse. On remand, we would note that any award of temporary alimony must be based on the Wife’s “needs” and not an attempt “to fund the enjoyment of every little luxury enjoyed before divorce.” Levine v. Levine, 964 So.2d 741, 742-43 (Fla. 4th DCA 2007) (“Where a high standard of living is met during marriage, the purpose of alimony is to provide for the less wealthy spouse above bare subsistence levels, not to fund the enjoyment of every little luxury enjoyed before divorce.”). “Fixing alimony at a profligate standard of living is to turn alimony into a lottery. That is one reason why the standard of living during marriage is not a super factor trumping all other factors in awarding alimony.” Jaffy v. Jaffy, 965 So.2d 825, 828 (Fla. 4th DCA 2007).
Here, the Wife’s affidavit asserted that she needs $72,000 a year for vacations for her and the parties’ ten-year-old child and $13,800 a year for them entertainment, which amount does not include over $20,000 for the child’s Halloween party. The Wife also asserted a need for almost $2000 a month for her and the child’s clothing and $2600 a month for groceries and meals outside of the home, which we would note equates to more than $85 per day in food expenses for the Wife and the child. Finally, although the Wife is a stay at home mother, she claims to need $12,000 in babysitting and daycare expenses. See § 61.30(7), Fla. Stat. (2007) (child support may include “[cjhild care costs incurred on behalf of the children due to employment, job search, or education calculated to result in employment or to enhance income of current employment. ...”). Here, the Wife testified that she has no intention of even attempting to find a job until the child is “at least 18.”[2] See Kremer v. Kremer, 595 So.2d 214, 215 (Fla. 2d DCA 1992) (“The husband came into the marriage with substantially more assets and income than did the wife, and there has been no showing that the disparity between the husband’s and the wife’s assets and income after the dissolution resulted in any substantial way from the marriage.”); see also Jessee v. Jessee, 961 So.2d 1118, 1121 (Fla. 2d DCA 2007) (holding that husband was not entitled to permanent alimony where he did not abandon his career or endure undue hardship during the marriage and he received a considerable amount as part of the equitable distribution of marital assets); Geddes v. Geddes, 530 So.2d 1011, 1018 (Fla. 4th DCA 1988) (holding that trial court did not err in failing to award permanent alimony where parties were married for nine years and wife left marriage considerably wealthier than when she entered it).
We also conclude that the trial court erred in ordering the Husband to pay the Wife $4,988 each month in addition to the support award for the maintenance *691 of three properties. In the Wife’s affidavit, she included the cost of maintaining the three properties in her request for $44,029 a month. Therefore, the award of an additional $4,988 was duplicative.
Since the trial court will again have to determine the Husband’s current ability to pay, we do not address the Husband’s argument on this issue or his related argument on the affidavit of the Wife’s expert, Mr. Briggs Stahl.
Finally, with regard to the trial court’s award of temporary attorney’s fees, we conclude that such award must be reversed because the trial court failed to make any findings regarding the reasonableness of the hourly rates and time expended. The trial court awarded $76,837.50 for attorney Marian McCul-loch’s actual fees and $50,000.00 for her anticipated fees, $64,434.12 for attorney Louis Hornstine’s fees and $25,000.00 for his anticipated fees, and $96,174.86 for forensic accountant Stahl Consulting Group’s costs and $25,000.00 for its anticipated costs. As to the reasonableness of the fees, the trial court stated only that “[tjhese amounts are considered reasonable .... ” However, the award of attorneys’ fees does not contain any factual findings regarding reasonable hourly rates or the reasonableness of the time expended. See Ghay, 954 So.2d at 1189 (reversing award of temporary attorney’s fees where order did not contain any factual findings as to the “reasonable hourly rates and the amount of fees that are expected to be reasonably incurred”); Reed v. Reed, 857 So.2d 936, 936 (Fla. 4th DCA 2003) (reversing final judgment awarding attorney’s fees where judgment lacked articulated findings as to the reasonable hourly rate for that type of litigation and the number of hours reasonably expended).
On remand, we would remind the trial court that any award of fees should not include the travel time of the attorneys absent proof that a competent local attorney could not be obtained to complete the work. Mandel v. Decorator’s Mart, Inc. of Deerfield Beach, 965 So.2d 311, 315 (Fla. 4th DCA 2007).
Accordingly, the order awarding the Wife temporary monthly support and temporary attorney’s fees and costs is reversed and the case is remanded for further proceedings consistent with this opinion.
DAVIS and KHOUZAM, JJ., Concur.

. The parties were married for nine years.

. The Wife did not testify as to any health issues which would prevent her from working.