KHOUZAM, Judge.
 

 Patricia Yglesias Tilchin, the Wife, appeals a final judgment of dissolution of marriage. She challenges the imputation of income to her as well as the absence of bridge-the-gap alimony. Louis Meyers Tilchin, the Husband, cross-appeals. He challenges the equitable distribution plan as well as the monthly amount of permanent alimony awarded to the Wife. We affirm, without discussion, the trial court’s rulings with respect to imputation of income, bridge-the-gap alimony, and permanent alimony. We reverse the equitable distribution portion of the final judgment because the trial court’s stated reason for the disproportionate distribution does not justify the unequal distribution plan.
 

 The final judgment reflected that the parties’ marital estate had a gross value of $3,429,198, of which $1,947,536 was allocated to the Husband and $1,481,622 was allocated to the Wife. However, after certain liabilities were allocated and deducted, the marital estate had a net value of $2,169,535, of which $698,068 (32%) was allocated to the Husband and $1,471,467 (68%) was allocated to the Wife. For the most part, the gross disparity in the distribution plan arose from the handling of all matters relating to the parties’ marital home and a second home.
 

 Section 61.075(1), Florida Statutes (2008), provides that the distribution of assets and liabilities should be equal unless there is a justification for an unequal distribution, and section 61.075(3) requires the trial court to make findings addressing the factors in section 61.075(l)(a)-(j). In justifying the unequal distribution, the trial court relied exclusively upon the statutory factor that authorizes an unequal distribution if necessary to do equity and justice between the parties.
 
 See
 
 § 61.075(l)(j). The trial court reasoned:
 

 Regarding the marital home, the Court finds that the Husband paid off the balance of the mortgage in order to relieve himself of the potential obligation to pay $4,000.00 each month toward the Wife’s need for alimony. This was inequitable, and certainly supports unequal distribution of the asset. The Court initially thought this might be a cause for “lump sum alimony,” however in order to avoid any tax burden upon the Wife (or further inequitable benefit to the Husband) the Court instead awards the home to the Wife with no offset to the Husband. In short, there will be no equalizing payment. Additionally, because of the Husband’s unilateral decision to pay this bill, he also is going to be assigned the $350,000.00 liability (again with no offset).
 

 The trial court abused its discretion in granting to the Wife a grossly disparate percentage of the marital assets simply because the Husband paid off the mortgage on the parties’ primary marital home during the pendency of the case. Based on this record, we recognize that the distribution of the marital home was a critical element of the equitable distribution plan and the alimony award, and that
 
 *598
 
 error arising from this distribution cannot be corrected in isolation.
 

 Accordingly, we reverse the equitable distribution plan and we remand for further proceedings. If the trial court again enters an unequal distribution, it must make adequate and consistent findings of fact justifying the unequal distribution. In the event that the trial court is not able to articulate a valid reason for an unequal distribution, on remand the court is authorized to fashion a new equitable distribution plan and alimony award to achieve an appropriate result articulating supporting findings of fact based on the evidence presented at and in conjunction with the final hearing.
 

 Main appeal affirmed and cross-appeal affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
 

 KELLY and BLACK, JJ., Concur.