BLACK, Judge.
Jonathan Crick, the former husband, challenges the equitable distribution, the alimony award, and the attorney’s fees award, as well as the parenting plan, outlined in the magistrate’s report and recommendation and adopted by the trial court in the judgment dissolving his marriage to Robbin Vickery Crick, the former wife. We affirm, without comment, that portion of the judgment establishing the parenting plan, but for the reasons discussed herein, we reverse the equitable distribution and alimony and attorney’s fees awards.

Equitable Distribution

With regard to the distribution of assets and liabilities, sufficient findings justified the unequal distribution. However, in its findings, the court recognized that the SunTrust certificates of deposit (CDs) were purchased with a cash advance on the parties’ USAA American Express card. It also recognized that the former wife redeemed the CDs during the pen-dency of the dissolution and spent the bulk of the money, repaying $7336 after being ordered by the court to do so. In its distribution of assets, the court divided the total value of the CDs, awarding $74,873.60 to the former wife and $7336 to the former husband. In assigning the American Express debt, the majority of which was the advance for purchase of the CDs, the court noted that it would have divided the debt evenly except for the fact that the former *698 wife had already repaid $7336, thereby decreasing her share of the debt by that amount. As a result, the former husband was credited the $7336 as an asset and also assigned the $7336 as a liability, creating an unjustified distribution to the former wife. Because of this error, the court abused its discretion, and we must reverse the equitable distribution for reconsideration. See Tilchin v. Tilchin, 51 So.3d 596, 597 (Fla. 2d DCA 2011) (reversing equitable distribution plan because court’s stated rationale for disproportionate distribution did not justify unequal distribution).

Alimony

The former husband also argues that the award of bridge-the-gap alimony to the former wife was an abuse of discretion. He contends that the award of $2000 per month for twenty-four months was excessive when considering his monthly income and the child support, debt service, and attorney’s fees payments he was also ordered to make in the final judgment.
Section 61.08, Florida Statutes, was amended in 2010 to expressly add bridge-the-gap alimony. Ch. 2010-199, § 1, at 2-3, Laws of Fla. “Bridge-the-gap alimony may be awarded to assist a party by providing support to allow the party to make a transition from being married to being single.” § 61.08(5). It “is designed to assist a party with legitimate identifiable short-term needs” and is not “modifiable in amount or duration.” Id. This amendment to section 61.08 applies to all awards of alimony entered after July 1, 2010, and is thus applicable to the December 14, 2010, order on appeal. Ch. 2010-199, § 2, at 4, Laws of Fla.
“To support its alimony determination, the trial court must include specific findings of fact in the final judgment.” Austin v. Austin, 12 So.3d 314, 317 (Fla. 2d DCA 2009) (citing § 61.08(1), Fla. Stat. (2004)). Among those required findings are the financial needs of one spouse and the ability of the other spouse to pay. § 61.08(2), Fla. Stat. (2010); Austin, 12 So.3d at 317. Moreover, “ ‘[a] trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be “shortchanged.” ’ ” Perez v. Perez, 11 So.3d 470, 473 (Fla. 2d DCA 2009) (quoting Vega v. Vega, 877 So.2d 882, 883 (Fla. 3d DCA 2004)). When determining whether a trial court abused its discretion in awarding alimony, this court considers whether the award “ ‘exceeds or nearly exhausts a party’s income’ ” and is therefore not supported by competent, substantial evidence. Id. (quoting Hotaling v. Hotaling, 962 So.2d 1048,1051 (Fla. 2d DCA 2007)).
Here, although the report and recommendation contained findings as to the factors listed in section 61.08(2)(a)-(g), it did not contain the requisite findings as to the need of the former wife or the former husband’s ability to pay. Neither did it include findings as to the former wife’s net or gross income or the former husband’s net income. In fact, we note that the magistrate found that after the equitable distribution the former wife would have far more resources than the former husband, that the former wife was underemployed, and that it would take her not more than eighteen months to find suitable employment. These findings, while supported by competent, substantial evidence, do not support the court’s award of alimony.
Moreover, in combination, the court-ordered monthly outlay for alimony, child support, and debt service is in excess of the former husband’s net monthly income and constitutes an abuse of discretion. See Cooper v. Cooper, 69 So.3d 977, 981 (Fla. 2d DCA 2011). Although the magis *699 trate did not make a net income finding for the former husband, even using the gross monthly income finding of $6666.67, the alimony award of $2000 per month for twenty-four months coupled with the temporary child support of $933.16 and the monthly debt on the marital home exhaust the former husband’s income.
Therefore, in terms of both monthly court-ordered payments and the overall financial scheme of the parties, the court abused its discretion in awarding $2000 per month in bridge-the-gap alimony. On remand, the court shall conduct further proceedings to determine the parties’ needs and ability to pay given their respective available net incomes. See id; Perez, 11 So.3d at 473; Posner v. Posner, 988 So.2d 128, 130 (Fla. 4th DCA 2008); Chereskin v. Chereskin, 665 So.2d 1133, 1134 (Fla. 5th DCA 1996).

Attorney’s fees

The former husband next contends that the court abused its discretion in ordering him to pay one half of the former wife’s attorney’s fees. Because our remand for reconsideration of equitable distribution and alimony will likely “impact the figures used to calculate the parties’ respective needs or abilities to pay, it is appropriate for the trial court to also reconsider the entitlement to attorney’s fees on remand.” Tilchin v. Tilchin, 65 So.3d 1207, 1207 (Fla. 2d DCA 2011); see also Mills v. Mills, 62 So.3d 672, 676 (Fla. 2d DCA 2011) (“Because recalculation of the equitable distribution and alimony awards will result in a change in the parties’ overall financial picture, the trial court must also reconsider the former wife’s request for attorney’s fees.”).
In addition, we note that the magistrate found the former wife would have far more resources than the former husband after equitable distribution, but he made no findings regarding the parties’ financial positions or need for attorney’s fees after consideration of alimony and child support payments. This was error. A trial court must consider all assets and sources of income in an award for attorney’s fees. See Martinez v. Abinader, 37 So.3d 944, 947 (Fla. 2d DCA 2010). “The overall relative financial position and resources of the parties must be examined and not simply the isolated factor of income and earning capacity.” Stoler v. Sto-ler, 679 So.2d 837, 838 (Fla. 2d DCA 1996). A trial court’s determination of the parties’ financial position should be made after considering the financial resources of the parties as affected by the final judgment. See Green v. Green, 646 So.2d 210, 210 (Fla. 2d DCA 1994); Parker v. Parker, 655 So.2d 233, 234 (Fla. 1st DCA 1995). On remand, the court should assess attorney’s fees after considering the financial resources of the parties as affected by the final judgment.
Accordingly, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
DAVIS and KHOUZAM, JJ., Concur.