KELLY, Judge.
Kenneth Fonderson (the former husband) appeals from the order that grants Josephine Lairap’s (the former wife’s) motion for temporary alimony and attorneys’ fees. We affirm the award of temporary alimony but reverse the award of fees.
The parties were married in November 1984. They had two children, both of whom are now adults. The parties are originally from Cameroon, Africa and relocated to the United States from the Netherlands in 2004 by means of the former husband’s business visa. The former husband has been involved in numerous businesses and investments that afforded the parties a comfortable standard of living. He operates a concierge service company that provides a variety of services to nonresidents, including the handling of their discretionary investments while they are in the United States. The former wife has a Ph.D. in Philosophy and various other postgraduate degrees. She worked as an adjunct professor until 2008 but has since been unemployed. Because the adult children are not U.S. citizens, they are unable to work because they do not have work permits.
The parties separated in June 2008 and the former wife continued to reside in the former marital home with the parties’ adult son. The former husband continued to pay all monthly living expenses and all bills related to the former marital home, totaling over $13,000 per month. The former husband also continued giving the former wife $4000 a month and his children $2400 for monthly miscellaneous expenses. The former husband claimed he had to borrow money to make these monthly payments. Although the former husband’s business has historically been prosperous, the former husband claims that in the past several years his business has suffered a severe downturn due to the global decline in the real estate market. Despite this, when the former wife’s lease on her Mercedes-Benz ended, the former husband bought her a new Porsche Carrera for over $114,000. The former husband also bought a $50,000 car for his adult son. The parties owned a second house that was vacant; nonetheless, the former husband rented another home for more than $2000 a month. The former husband also gave the former wife approximately $57,000 to make an investment in a used car business.
On May 13, 2010, the former wife filed a petition for dissolution of marriage. In June 2010, the former husband reduced the monthly payments he was making to the former wife from $4000 to $2000. This prompted the former wife to move for temporary financial support and for temporary attorneys’ fees. The former wife requested $4000 in monthly temporary alimony to apply retroactively to July 1, 2010, exclusive use and possession of the former marital home, continued payment of the mortgage and other costs related to maintaining the home, temporary accountant’s fees and costs, and temporary attorneys’ fees and costs, among other relief.
At the hearing on the former wife’s request for temporary financial support, the former wife’s financial expert, Briggs Price Stahl, testified that large sums of money had been deposited into the former husband’s personal and business bank accounts. The former husband testified that these funds were not his disposable income but that the funds belonged to his clients. He stated that the nature of his business made it impossible to keep his international clients’ money separate from his own because he often had to make payments on *717 his clients’ behalf before the money could be transferred to his business account. He also paid for miscellaneous expenses such as hotels, cars, and flights for his clients through his personal accounts. The former husband submitted a financial affidavit showing that he had a gross monthly income of $10,171 and monthly expenses and debt of $25,613. Because of his monthly deficit of $17,713, the former husband explained that he has been borrowing “tens of thousands of dollars on an ongoing basis” from his brother for the last three years and borrowing funds from his business. He stated that the current balance in his personal and business bank accounts totaled between $15,000 and 16,000 at the time of the hearing. The former husband’s business colleague testified that the former husband borrowed $100,000 from him because of the pending divorce proceedings.
Anthony Phillips, the former husband’s certified public accountant, prepared a summary of the former wife’s expenses and adjusted them for temporary support purposes. He deducted “non-necessities” such as maid service, monthly dry cleaning, laundry, clothing, gifts and vacations. Based on his analysis, Mr. Phillips concluded that the former wife’s need was $1617 per month.
The former wife’s attorneys testified as to their incurred fees and projected future fees and submitted affidavits in support of the former wife’s temporary attorneys’ fees and costs requests. Mr. Chan’s fee affidavit requested a total of $31,779.40 for temporary fees and $22,631.82 for expert witness fees. Mr. Mangione’s fee affidavit requested an additional $21,600 to $36,400 for attorneys’ fees through trial.
The trial court found that the former wife had a right to have some semblance of a lifestyle that the former husband was enjoying and awarded her $2700 per month in temporary alimony. The trial court also ordered the former husband to pay the former wife’s attorneys the same amount of fees he paid his own attorney. The trial court determined that its unusual “matching” fee award was necessary because the source of funds from which the former husband could pay was not identifiable. The trial court found that although the former wife had a need for fees, and “although the Husband appears to have resources available, the Court finds more information is necessary to establish the entire extent of his ability to pay.” The order did not include any specific findings regarding the reasonableness of the fees.
The former wife- filed a motion for rehearing, alleging that clarification was needed to protect against the former husband’s avoidance of the trial court’s order by issuing payments to his counsel through third parties. As a result, the trial court entered an amended order directing that “from January 3, 2011 forward, all payments made to the Husband’s attorneys by the Husband, or by anyone on the Husband’s behalf, shall be matched in the same amount with a payment by the Husband to the Wife’s attorneys.” It is from the amended order that the former husband appeals.
The correct standard by which temporary support and alimony are to be assessed balances needs, as fixed by the parties’ standard of living on the one hand, and ability to pay, on the other, de Gutierrez v. Gutierrez, 19 So.3d 1110 (Fla. 2d DCA 2009). “Although awards of temporary alimony are within the trial court’s broad discretion, the record must contain competent, substantial evidence to support the trial court’s ruling.” Id. at 1112-13 (citing Driscoll v. Driscoll, 915 So.2d 771, 773 (Fla. 2d DCA 2005)).
*718 The trial court found that the former husband and his witness were not credible when describing the former husband’s financial state. The court observed that the former husband had the ability to meet his obligations in spite of his claimed income and that he incurred unnecessary expenses. See Tomaszewski v. Tomaszewski, 793 So.2d 1156, 1158 (Fla. 4th DCA 2001) (noting that a negative cash flow, not being otherwise explained, reasonably supports an inference that a party’s earnings are greater than the party represents them to be); Ugarte v. Ugarte, 608 So.2d 838 (Fla. 3d DCA 1992) (stating that a spouse’s ability to maintain a standard of living at a certain financial level is probative evidence of the spouse’s income).
The former husband argues on appeal that he reduced support payments to the former wife from $4000 to $2000 after she filed the petition because he could not keep borrowing funds to subsidize these payments; however, at the temporary relief hearing he stated that he reduced the amount of the former wife’s support because his daughter had left for college and was no longer part of the household expenses, her car was paid off, and the lease on the former wife’s car had expired. The court noted that the former husband testified that he reduced payments to the former wife for reasons other than an inability to pay and that, even though the parties owned a second house that was vacant, the former husband had chosen to rent another home. The court also made note of the luxury cars the former husband purchased and the money he gave the former wife to make a questionable investment.
The former husband argues that the former wife is highly educated and capable of contributing to her support. However, the former husband failed to present any evidence to contradict the former wife’s testimony that she had tried to find employment but had been unsuccessful. The former husband’s accountant determined the former wife’s need to be $1617 per month by deducting “non-necessities” such as monthly dry cleaning, maid service, clothing, gifts, and vacations. The trial court rejected this evidence and determined that the former wife was entitled to keep some semblance of.the standard of living to which she was accustomed during the marriage. Based on the record before this court, the trial court did not abuse its discretion in ordering the former husband to pay the former wife $2700 in temporary alimony.
The former husband also argues that the attorneys’ fee award failed to reflect any evidence regarding the work actually performed by the former wife’s attorneys. We agree. The trial court granted the former wife’s motion for fees and ordered that “from January 3, 2011, forward, all payments made to the Husband’s attorneys by the Husband, or by anyone on the Husband’s behalf, shall be matched in the same amount with a payment by the Husband to the Wife’s attorneys.”
Although the trial court has broad discretion to award attorney’s fees, the award must be based on some record evidence and a finding that the fees are reasonable. See Kasm v. Kasm, 933 So.2d 48 (Fla. 2d DCA 2006) (holding that the trial court’s failure to make any findings concerning the reasonableness of the temporary attorney fees required reversal); Robbie v. Robbie, 591 So.2d 1006, 1010 (Fla. 4th DCA 1991) (reversing an award of temporary attorney’s fees when the court appeared “to have picked a number out of the air”). Here, the trial court failed to make any findings as to the reasonableness of the fees, and the amount awarded was not based on any record facts. Accordingly, we affirm the tempo *719 rary support award and reverse the attorneys’ fee award.
Affirmed in part; reversed in part.
DAVIS and KHOUZAM, JJ., Concur.