PER CURIAM.
We reverse and remand the Second Amended Final Judgment of Dissolution of Marriage to the trial court to correct the following errors and inconsistencies in the judgment.
First, provisions in the paragraphs entitled “PRIVATE SCHOOL ” and “CHILD SUPPORT” are inconsistent with provisions in the paragraph entitled “CHILD-RELATED EXPENSES.” The specific provisions read as follows:
3. PRIVATE SCHOOL: ... The mother is to pay all costs but said costs shall be factored into the child support calculation, along with other statutorily permissible expenses related to the child (including but not limited to health insurance premiums and child care expenses).
CHILD SUPPORT: [I]n view of the timesharing, of the mother’s paying all of the tuition and the father’s voluntarily underemployment, neither party shall pay child support at this time....
4. CHILD-RELATED EXPENSES: “Child-related expenses” means associated fees, religious school tuition and associated fees, before and after school care, school field trip costs, summer camps, sports registration fees, and extracurricular activities fees. Said child related expenses shall be divided by the parties as follows: 60% to wife and 40% to husband. All other expenses shall be split between the parties....
In the above-quoted provisions, the trial court appears to distinguish between “child support” and “child-related expenses.” But as written, the provisions define “child support” to include “all [private school] costs” and “child care expenses,” and at the same time, define “child-related expenses” to include “associated fees, religious school tuition and associated fees, [and] before and after school care.” It is unclear what the stand-alone child-related expense item “associated fees” refers to, but it seems to mean fees associated with the child’s private school *1104 enrollment, which appear already to be included in “all [private school] costs”— and thus, a component of child support. In addition, insofar as the child attends a private Christian school, the child-related expense items “religious school tuition and associated fees” appear duplicative of the child support item private school “costs.” Further, it is not clear how the child-related expense item “before and after school care” differs from the child support item “child care expenses.” On remand, the trial court shall clarify which items fall within child support, and which items comprise child-related expenses.
Second, in the equitable distribution portion of the final judgment, the trial court incorrectly valued the wife’s Great West retirement account at $8,059.92. The evidence in the record establishes an account value of exactly twice that amount, or $16,119.84. Because this error cannot be corrected in isolation, on remand, the trial court shall reconsider the equitable distribution scheme. See Tilchin v. Tilchin, 51 So.3d 596, 597-98 (Fla. 2d DCA 2011).
Finally, the trial court erroneously awarded the wife attorney’s fees and costs, without articulating findings in the final judgment regarding the wife’s financial need and the husband’s ability to pay. See § 61.16(1), Fla. Stat. (2011); Sumlar v. Sumlar, 827 So.2d 1079, 1084 (Fla. 1st DCA 2002). On remand, the trial court shall reconsider entitlement to attorney’s fees in light of the recalculated equitable distribution. See Crick v. Crick, 78 So.3d 696, 699 (Fla. 2d DCA 2012).
REVERSED and REMANDED with directions.
CLARK, MARSTILLER, and SWANSON, JJ., concur.