WALLACE, Judge.
Steven Hoffman (the Husband) appeals a nonfinal order entered in the underlying dissolution of marriage proceeding, which establishes a temporary parenting plan and awards Rechele R. Hoffman (the Wife) temporary spousal support, child support, and temporary attorney’s fees and costs.[1] The Husband argues that the circuit court abused its discretion in ordering him to *864 make support and attorney fee payments which consume more than 80% of his net monthly income and in requiring him to pay all of the Wife’s temporary attorney’s fees. We agree and reverse the order in part and remand for further proceedings.
“[TJemporary awards are among the areas where trial judges have the very broadest discretion.” Aziz v. Aziz, 45 So.3d 975, 978 (Fla. 2d DCA 2010) (alteration in original) (quoting Driscoll v. Driscoll, 915 So.2d 771, 773 (Fla. 2d DCA 2005)). Thus appellate courts are typically reluctant to reverse such orders. Id. However, “[t]he correct standard by which temporary support and alimony are to be assessed balances needs, as fixed by the parties’ standard of living on the one hand, and ability to pay, on the other.” Fonderson v. Lairap, 98 So.3d 715, 717 (Fla. 2d DCA 2012). A temporary award that virtually exhausts one party’s income and deprives that party of the ability to support himself or herself is not based on that party’s ability to pay and constitutes an abuse of discretion. See Perez v. Perez, 11 So.3d 470, 473 (Fla. 2d DCA 2009); Hotaling v. Hotaling, 962 So.2d 1048, 1051 (Fla. 2d DCA 2007).
I. THE FACTS
Here, the circuit court found the Husband’s net monthly income to be $6030.11. It determined that he has, the ability to provide the Wife with $3500 per month in temporary spousal support and directed him to pay her that amount. The circuit court further found that the Husband owes the Wife $22,730 in retroactive spousal support and directed him to pay $350 per month in retroactive support until that amount is paid in full. Based on the child support guidelines, the circuit court found that the Husband’s child support obligation is $502.90 per month, and it directed him to pay that amount until the parties’ minor child reaches the age of eighteen.[2] Finally, the circuit court granted the Wife’s request for $25,960.50 in temporary attorney’s fees and costs, and it directed the Husband to pay $500 per month until the fees and costs are paid in full.
The total of the monthly payments that the circuit court directed the Husband to make is $4852.90.[3] Thus based upon the circuit court’s finding that the Husband’s net monthly income is $6030.11, the total of the monthly court-ordered payments represents 80.48% of his net monthly income and leaves him with only $1177.21 to meet his monthly needs.
The circuit court did not make any findings in the order under review about the Husband’s monthly expenses. But the Husband’s financial affidavit reflects that his monthly expenses are $5761. His reported monthly rent is $1200. Thus after making his monthly court-ordered payments, the Husband has insufficient funds remaining to make his reported monthly rental payment. The circuit court found that the Wife’s total monthly needs are $4415.70. Under the circuit court’s order, she receives $4352.90 towards her monthly expenses from the Husband in the form of *865 temporary spousal support, retroactive support, and child support.[4]
II. DISCUSSION
Although the order under review is a temporary support order in which the circuit court has broad discretion, we conclude that the circuit court abused its discretion in requiring the Husband to virtually exhaust his monthly income to make the ordered payments, leaving him with insufficient funds to support himself. The order’s requirement that the Husband spend in excess of 80% of his income in monthly support and temporary attorney’s fee payments reflects an abuse of discretion on its face. See Perez, 11 So.3d at 473 (holding that a temporary order requiring the husband to pay approximately 86% of his net monthly income in temporary support and other financial obligations constituted an abuse of discretion); Hotaling, 962 So.2d at 1051 (holding that a temporary order that required the husband to make payments in excess of his monthly income constituted an abuse of discretion); see also Crick v. Crick, 78 So.3d 696, 698 (Fla. 2d DCA 2012) (holding that a final order requiring the husband to exhaust his net monthly income in his combined monthly outlay for alimony, child support, and debt service constituted an abuse of discretion); Ballesteros v. Ballesteros, 819 So.2d 902, 903 (Fla. 4th DCA 2002) (“[W]here the husband’s income is nearly exhausted on obligations imposed by the final judgment, leaving him with practically no money to support himself, reasonable persons could not differ as to the impropriety of the actions taken by the trial court.” (alteration in original) (quoting Gentile v. Gentile, 565 So.2d 820, 822 (Fla. 4th DCA 1990), disapproved on other grounds by Acker v. Acker, 904 So.2d 384 (Fla.2005))).
The Husband does not challenge, and we do not find error in, the circuit court’s decision to award the Wife $3500 per month in temporary spousal support or in directing the Husband to pay his share of the child support obligation in the amount of $502.90 per month. Although these two payments represent more than one-half of the Husband’s net monthly income, we note that based upon the relatively short duration of the parties’ marriage, it seems unlikely that the circuit court will ultimately award any long-term alimony.[5] Thus it does not appear that the Husband will be paying spousal support for an extended period.
The Husband also does not challenge the amount awarded for retroactive support, although, as discussed below, he challenges the award of the Wife’s temporary attorney’s fees. We find no error in the circuit court’s determination of the amount of retroactive support. But we observe that the court-ordered payments of $350 and $500 per month toward retroactive support and temporary attorney’s fees tip the scale to the extent that the Husband is deprived of sufficient funds to support himself. In his current predicament, the Husband cannot even make his reported monthly rental payment. Even if the Husband were able to secure a residence at the same monthly rate as that disclosed on *866 the Wife’s financial affidavit in the amount of $900 per month, he would still have only $277.21 remaining to pay the rest of his monthly expenses.
On the other hand, the total payments to be made to the Wife nearly meet her monthly needs as found by the circuit court. This apparent “imbalance” is grossly unfair and reflects a failure to “balance[] needs, as fixed by the parties’ standard of living on the one hand, and ability to pay, on the other.” Fonderson, 98 So.3d at 717. Accordingly, because the circuit court ordered the Husband to make payments in excess of 80% of his income and failed to balance the parties’ needs and ability to pay, we conclude that the circuit court abused its discretion in entering the order under review. We observe that instead of impairing the Husband’s ability to support himself, the circuit court could temporarily lower the amounts that the Husband is required to pay towards retroactive support and the Wife’s temporary attorney’s fees and costs. The circuit court could provide for an increase in these payments if the Husband’s spousal support obligation ends or is reduced upon the entry of a final judgment dissolving the parties’ marriage.[6]
Finally, as argued by the Husband, it appears that the circuit court may not have considered the effect of the court-ordered spousal support on the Wife’s ability to pay her temporary attorney’s fees, particularly in light of the retroactive support award totaling $22,730. See Crick, 78 So.3d at 699 (“A trial court must consider all assets and sources of income in an award for attorney’s fees.”). Accordingly, on remand the circuit court shall reconsider the Wife’s entitlement to temporary attorney’s fees.
III. CONCLUSION
Because the circuit court abused its discretion in ordering the Husband to make monthly payments that exceed 80% of his net monthly income and deprive him of the ability to support himself, we reverse the order on review to the extent that it requires the Husband to pay $300 per month in retroactive spousal support and $500 per month towards the Wife’s temporary attorney’s fees. We remand for the circuit court to reduce, at least temporarily, the amounts that the Husband is required to pay in retroactive spousal support and for any temporary attorney’s fees awarded so that he has sufficient monthly income to support himself. The circuit court shall also reconsider the award of temporary attorney’s fees and costs to the Wife. In so doing, the circuit court must consider whether the Wife has the ability to pay some or all of her fees in light of the support awarded to her and whether the Husband has the ability to pay after making his support payments. In all other respects, we affirm the order under review.
Affirmed in part, reversed in part, and remanded.
DAVIS, C.J., and LaROSE, J., Concur.

. We have jurisdiction in accordance with Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii).

. The circuit court also found the Husband owes retroactive child support in the amount of $29 and directed him to pay that amount within thirty days. This amount is nominal and presumably no longer an issue.

. The circuit court entered an income deduction order on April 1, 2013, directing the Husband’s employer to withhold $4352.90 from the Husband’s monthly income. This amount apparently incorporates all of the support payments, including retroactive support, but not the monthly attorney fee payment in the amount of $500.

. Because our record does not include a transcript of the hearing on the Wife’s motion for temporary support, we must accept that the circuit court’s factual findings of the parties' incomes and monthly needs are supported by competent substantial evidence in the record. See Macarty v. Macarty, 29 So.3d 434, 435 (Fla. 2d DCA 2010).

. According to the circuit court’s order on the Wife's motion for temporary relief, the parties were married on July 25, 2008; they separated on or about April 21, 2012.

. The Manatee County Clerk’s records appear to reflect that a final hearing in the case is currently scheduled for January 17, 2014.